UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
**2022 MSPB 16**

Docket No. AT-1221-13-4692-C-1

**Adria Gharati,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

June 22, 2022

Peter C. Lown, Esquire, Stockbridge, Georgia, for the appellant.

Randall W. Bentley, Esquire, Forest Park, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

The agency has filed a petition for review of the initial decision, which granted in part the appellant's petition for enforcement. For the reasons set forth below, we GRANT the agency's petition for review, find the agency in compliance, and DISMISS the appellant's petition for enforcement.

## BACKGROUND

In January 2011, the agency's Defense Forensic Science Center hired the appellant as a Fingerprint Specialist for a term appointment not to exceed 4 years. *Gharati v. Department of the Army*, MSPB Docket No. AT-1221-13-4692-W-1, Appeal File (W-1 AF), Tab 51, Initial Decision (ID) at 5. Shortly after being hired, she deployed for 6 months to an agency laboratory in Kandahar,

Afghanistan. *Id.* In May 2012, the agency selected the appellant from a referral list for a GS-0072-12 Fingerprint Specialist position, effective May 20, 2012. *Gharati v. Department of the Army*, MSPB Docket No. AT-1221-13-4692-C-1, Compliance File (CF), Tab 5 at 17-18. This appointment entitled the appellant to a new 4-year term. *Id.*

¶3 In 2013, the appellant filed an individual right of action (IRA) appeal with the Board, alleging that the agency reassigned her from Afghanistan to Fort Gillen, Georgia, and constructively removed her in reprisal for certain protected disclosures she had made. W-1 AF, Tab 1. The administrative judge held a hearing in that matter, and on April 21, 2016, issued an initial decision finding that the appellant made a prima facie case of whistleblower reprisal and that the agency failed to meet its burden of proving that it would have taken the personnel actions in the absence of the appellant's protected disclosures. ID at 4-35. The administrative judge ordered corrective action, which, among other things, included requiring the agency to "cancel the reassignment and removal and to retroactively restore the appellant effective November 30, 2012." *Id.* at 35-36. Neither party petitioned for review of the initial decision, which became final on May 26, 2016. *Id.* at 38.

¶4 On June 19, 2016, the appellant filed a petition for enforcement alleging that the agency failed to return her to active employment in violation of the corrective action ordered by the administrative judge. CF, Tab 1 at 8-11. She argued that, on the date on which the administrative judge ordered her to be retroactively restored, she had 42 months remaining on her 4-year term, and, that to comply with the administrative judge's order, the agency should have restored her to that position to serve out the remaining months. *Id.*

¶5 In response, the agency asserted that the 4-year appointment became effective on May 20, 2012, and expired on May 20, 2016. CF, Tab 5 at 6-7. Thus, the agency argued that it was not required to place her into an active position because the term position that she held as of November 20, 2012, had expired. *Id.* at 8. The agency also provided the appellant with back pay for the

unserved remainder of her 4-year appointment that included a promotion from the initial appointment grade, annual pay rate adjustments, and step increases to which she was entitled. CF, Tab 20 at 5-9, 15, Tab 25 at 7. It also included constructive credit for overtime and danger pay. CF, Tab 25 at 8.

¶6 In her petition for enforcement, the appellant also claimed that had she continued in active employment status, she would have been selected for one of several permanent positions that became available after her constructive removal. CF, Tab 1 at 9. The agency argued that there were at least 10 vacancies for permanent positions in the appellant's line of work that were announced between October 2014, and May 2016, but that she failed to apply for any of them. CF, Tab 1 at 18, Tab 5 at 9. The appellant testified that she did not apply for the positions because she felt her efforts would have been futile, given her ongoing litigation with the agency concerning her whistleblowing activity. Hearing Compact Disc (testimony of the appellant). She further asserted that, but for the agency's unlawful actions, she would have applied for the positions and likely would have been selected. *Id.*

¶7 In an order to the agency to produce additional evidence of compliance, the administrative judge stated that the purpose of the relief order in the now-final initial decision was to place the appellant as nearly as possible in the position that she would have been in but for the agency's unlawful personnel actions. CF, Tab 16 at 2. The administrative judge found plausible the appellant's assertion that the pending litigation caused her not to apply for any of the vacancies, but also found merit in the agency's argument that it would be speculative to assume that the appellant would have been hired for any of the vacancies. *Id.* Thus, the administrative judge ordered the agency to reconstruct the selection process for the 10 vacancies. *Id.* The AJ also ordered the appellant to provide the agency with an application for each position for which she would have applied. *Id.*

¶8 The agency informed the administrative judge that it would take a significant period of time to reconstruct the selection process for the 10 vacancies, and that, regardless, it believed that it complied with the order. CF,

Tab 17 at 4-7. The agency did not submit any evidence that it attempted to reconstruct the selection process for any of the vacancies, but it did submit the vacancy announcements.[1] CF, Tabs 40-45. The administrative judge imposed sanctions on the agency in the form of an adverse inference that, had the agency reconstituted the selection process for the first permanent Latent Patent Examiner position that arose during the appellant's constructive removal period and considered the appellant's application, it would have selected her. CF, Tab 28.

¶9  After holding a hearing at which the appellant was the only witness,[2] the administrative judge issued a compliance initial decision finding that, although the agency completed several of the corrective actions that she had ordered previously, it failed to establish its compliance with the order in its entirety by failing to reinstate the appellant to a permanent position, CF, Tab 49, Compliance Initial Decision, (CID) at 3-12. Specifically, the administrative judge reasoned that the appellant's claim of entitlement to a permanent position was analogous to a claim for a promotion as a part of a status quo ante order. CID at 10. She relied on *Dow v. General Services Administration*, 117 M.S.P.R. 616 (2012), to place the burden on the appellant to "clearly establish" that, but for the agency's improper actions, she would have applied for the vacancies and would have been selected. CID at 10-12; *see Dow*, 117 M.S.P.R. 616, ¶ 18.

¶10  Based on the record evidence and the appellant's testimony, the administrative judge found the appellant's belief that she did not have a reasonable chance of being hired by the agency for any of the 10 vacancies to be

[1] The agency filed a motion for certification of an interlocutory appeal on the question of whether the administrative judge had the authority to order the reconstruction of the 10 vacancy announcements and selections. CF, Tabs 19-20. The administrative judge denied the motion, CF, Tab 27, and it does not appear that the agency challenged that ruling in its petition for review, Petition for Review (PFR) File, Tab 1.

[2] In her Summary of Telephonic Prehearing Conference, the administrative judge noted that she informed the agency that she would not take evidence regarding the reason it would not have hired the appellant because that issue was resolved by her prior sanction. CF, Tab 39 at 1. The agency then withdrew its request to call any witnesses. *Id.* at 2.

a reasonable assumption, given her pending litigation with the agency. CID at 11. Thus, she found that the appellant's failure to apply for the vacancies was not fatal to her claim. *Id.* Further, the administrative judge concluded that the agency failed to reconstruct the selection process because it knew or suspected that the appellant would have been selected for one of the vacancies. CID at 10. Accordingly, as she had indicated she would do in her sanction order, the administrative judge found it appropriate to draw an adverse inference that, had the agency reconstructed the selection process for the first vacancy and considered the appellant's application, it would have determined that she would have been selected. *Id.*; CF, Tab 28.

¶11    Based on the foregoing, the administrative judge concluded that the appellant clearly established that she would have applied for a permanent position with the agency but for its unlawful retaliation, and that, based on the adverse inference drawn from the agency's failure to reconstruct the selection process, the evidence clearly established that the agency would have selected her for a permanent position but for the unlawful personnel actions. CID at 11-12. The administrative judge granted the appellant's petition for enforcement in part and ordered the agency to place the appellant in a permanent Latent Print Examiner position for which she qualifies at the GS-12 level or higher, retroactive to the date of hire for the first vacancy announcement for a permanent Latent Print Examiner position during the back pay period. CID at 12.

¶12    The agency has filed a petition for review arguing, among other things, that the administrative judge's order operates to place the appellant in a better position than she was in at the time of the agency's unlawful actions and that the administrative judge abused her discretion when she attempted to require the agency to reconstruct the selection process. Petition for Review (PFR) File,

Tab 11, 19-21, 23. The appellant has filed a response to the agency's petition. PFR File, Tab 4.[3]

## ANALYSIS

### The agency complied with the corrective action ordered by the administrative judge following the adjudication of the IRA appeal.

¶13    The agency bears the burden of proving that it has complied with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 4 (2010). The agency is required to produce relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 443 (1996). Here, the corrective action ordered by the administrative judge in the appellant's IRA case included the following: cancelling the appellant's reassignment and removal; retroactive restoration, effective November 30, 2012; back pay with interest; and adjusting benefits with appropriate credits and deductions in accordance with the Office of Personnel Management's regulations.[4]    ID at 35-37.    In the administrative judge's compliance initial decision, she found that the agency was compliant with every part of the order except for the restoration portion. CID at 4-6.

¶14    Below, we discuss the restoration-to-duty order, finding that the agency complied with that order. Regarding the remainder of the corrective action order, we note that the appellant has not filed a cross petition for review of the administrative judge's findings of the agency's compliance. We have reviewed

---

[3] Prior to filing her response to the agency's petition for review, the appellant filed a motion to dismiss arguing that the agency failed to file any evidence of its compliance with the interim relief order. PFR File, Tab 3. The compliance initial decision did not contain an interim relief order. Although the initial decision ordering corrective action ordered interim relief in the event either party filed a petition for review of the initial decision, neither party so filed. *See* 5 C.F.R. § 1201.116(a). Accordingly, the agency was not required to file evidence of compliance with any interim relief order in this matter, and the appellant's motion to dismiss the agency's petition for review is denied.

[4] The remainder of the administrative judge's order related to interim relief and the appropriate timelines and mechanisms to carry out the above-referenced order. ID at 35-36.

the record, and we find no reason to disturb those findings here. Further, the record is clear that the agency provided the appellant with back pay for the appropriate time period, taking into account annual pay rate adjustments, step increases, constructive credit for overtime, and danger pay. CF, Tab 20 at 5-9, 15, Tab 25 at 7. The back pay award also considered the appellant's interim earnings and any lump sum payments for leave. CF, Tab 20 at 15. Accordingly, we find the agency to be in compliance concerning these matters.

Placement in a permanent position for which the appellant has not applied exceeds the relief ordered by the administrative judge.

¶15    When the Board finds reprisal based on whistleblowing, the Board is statutorily authorized to order broad relief, that is, such corrective action "as [it] considers appropriate . . . ." 5 U.S.C. § 1221(e)(1); *see Porter v. Department of the Treasury*, 80 M.S.P.R. 606, ¶ 11 (1999). If the Board orders corrective action, such corrective action "may include" that the individual be placed, as nearly as possible, in the position the individual would have been in had the prohibited personnel practice not occurred, as well as such things as back pay and related benefits, medical costs incurred, travel expenses, and other reasonable and foreseeable consequential and compensatory damages. 5 U.S.C. § 1221(g)(1)(A).

¶16    The administrative judge's initial decision on the merits of the appeal ordered the agency "to cancel the reassignment and removal and to retroactively restore the appellant, effective November 30, 2012." ID at 35. Through compliance proceedings, the administrative judge found that the Board's final order required that the appellant be placed in a permanent Latent Print Examiner position. CID at 12. Arriving at this conclusion, the administrative judge stated that "an agency's obligation under a status quo ante remedy is not necessarily satisfied by merely rescinding the adverse or personnel action at issue," but that it also is required to fully address the appellant's direct injuries and those that flowed from the agency's unlawful action. CID at 6-7 (citing *Smith v. Department of the Army*, 458 F.3d 1359, 1370 (Fed. Cir. 2006)). Although the administrative judge acknowledged that a "*status quo ante* order" cannot operate

to place the appellant in a better position than she would have otherwise been in but for the agency's unlawful actions, CID at 6, she nonetheless found that the full extent of the appellant's injuries included the loss of permanent employment with the agency, CID at 7-12.

¶17    We disagree. The Board's final order unambiguously sought to retroactively restore the appellant to her position, or as close to her position as possible, as of November 30, 2012. ID at 35. It is undisputed that, at that time, the appellant was serving in a 4-year term appointment with the agency. The first vacancy announcement for a permanent Latent Print Examiner position was not issued until October 2014. CF, Tab 40 at 7-13. Thus, it would have been impossible for the Board's final order, with a retroactivity date of November 30, 2012, to properly encompass an appointment to a vacancy which did not arise until nearly 2 years later and was unrelated to and independent from the appellant's position at the time relevant to the order. Therefore, we find the administrative judge's order in the compliance initial decision to appoint the appellant to a permanent position, retroactive to the date of hire from the first vacancy announcement in 2014, to be incongruent with the initial order, which ordered retroactive restoration to November 30, 2012.

¶18    We also disagree with the administrative judge's finding that the appellant's claim of entitlement to a permanent position is analogous to a claim for a promotion as a part of a final order. CID at 10. To obtain a promotion as part of an order granting final relief, an appellant must identify a law mandating the promotion, or clearly establish that she would have been promoted during the relevant period. *Dow*, 117 M.S.P.R. 616, ¶ 18. Promotion potential in the compliance context presupposes continued employment with the agency. *See* 5 C.F.R. § 531.203 (stating that a promotion occurs while an employee is "continuously employed"). Conversely, the very nature of a term appointment is that it expires by a date certain as a basic condition of employment while the appointment is made. *Scull v. Department of Homeland Security*, 113 M.S.P.R. 287, ¶ 7 (2010). Here, the appellant was serving in a term appointment, and she

has not pointed to any evidence showing that, in her capacity as a term appointee, she was entitled to an opportunity to earn an appointment to a permanent position. To the contrary, an agency is not obligated to offer an employee a permanent or other term position when her term appointment expires; rather, the appointment simply ends. *See Murdock-Doughty v. Department of the Air Force*, 74 M.S.P.R. 244, 252 (1997). In a similar situation to that presented here, the Board found that when an appellant held a term appointment at the time of her removal, which the Board mitigated to a 45-day suspension, the agency was in compliance with the Board's order to retroactively reinstate the appellant to the date of the removal and impose the 45-day suspension, even though it separated her on the date that her term appointment expired, which meant that no back pay was due. *Id.* at 251-52. Thus, the agency in this matter did not act improperly in separating the appellant on the date her term appointment was predetermined to expire, instead of appointing her to another position. Because we find that a promotion and permanent appointment are not analogous under these circumstances, we conclude that the administrative judge's reliance on *Dow* was misplaced. CID at 10-12. Accordingly, we need not determine whether the appellant "clearly established" that she would have applied and been selected for one of the permanent positions. *Dow*, 117 M.S.P.R. 616, ¶ 18.

¶19        Furthermore, we disagree with the administrative judge's conclusion that the appellant's failure to apply for any of the 10 vacancies was not fatal to her claim. CID at 11. Regardless of the likelihood that she would have been selected for any of the vacancies had she chosen to apply, the appellant nonetheless had the alternative recourse to apply for the positions, wait to learn whether she had been selected, and if not, to include the agency's failure to appoint her to the position or positions as a personnel action in another whistleblower reprisal claim before the Office of Special Counsel and, if necessary, before the Board. *See* 5 U.S.C. §§ 2302(a)(2)(A)(i), (b)(8)(A). The appellant chose not to embark on this path, and she is left with the consequences of that inaction.

¶20    Ultimately, it is the speculative nature of the administrative judge's findings and order that leads us to conclude that the appellant is not entitled to a permanent position as a part of status quo ante relief.  We will not speculate or presume that, had she chosen to apply for any of the vacancies, she would have been selected.  Accordingly, we agree with the agency that the administrative judge should not have ordered it to reconstruct the hiring process for the 10 vacancies at issue, and we reverse the administrative judge's order to place the appellant in a permanent Latent Print Examiner position, retroactive to the date of hire for the first vacancy announcement for a permanent Latent Print Examiner position.

The appellant is not entitled to serve out her 4-year term appointment because it has expired.

¶21    In her petition for enforcement, the appellant also asserted that she was entitled to serve out the remaining 42 months on her 4-year term appointment.  CF, Tab 1 at 9.  The administrative judge made no findings concerning this claim, and we find it to be meritless.  The Board has held that by the express nature of a term appointment, an appellant has no right to continued employment with the agency after the predetermined term has run.  *Berger v. Department of Commerce*, 3 M.S.P.R. 198, 199 (1980); 5 C.F.R. § 316.303(b).  Here, the initial decision was issued on April 21, 2016, the appellant's term appointment expired on the predetermined date of May 20, 2016, and the initial decision became final on May 26, 2016—6 days after her term appointment expired.  CID at 1, 38; CF, Tab 5 at 17-18.  Under such circumstances, the appellant was not entitled to be physically restored to her term position.  *See Murdock-Doughty*, 74 M.S.P.R. at 252 (finding that, in a compliance action concerning mitigating a removal to a 45-day suspension, because the appellant's term appointment expired while she was serving the 45-day suspension, she was not entitled to back pay).

¶22    Finally, there is no indication in the record that the appellant rejected the agency's calculation and issuance of back pay for the time period covering the 42 months that she did not serve.  Thus, to accept the back pay award and be

reinstated to the term appointment for the 42 months at issue would be to allow the appellant to benefit twice from the administrative judge's order. To find otherwise would allow the appellant to assume a better position than the one she was in prior to the agency's actions, a practice in which the Board does not engage. *See Sink v. Department of Energy*, 110 M.S.P.R. 153, ¶ 19 (2008).

## ORDER

¶23    Based on the foregoing, we GRANT the agency's petition for review, find the agency in compliance, and DISMISS the appellant's petition for enforcement.

¶24    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the

U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:


/s/ _____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.