# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIMOTHY T. HOLMES,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-0714-19-0581-I-1

DATE: September 16, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

Jennifer Duke Isaacs, Esquire, Atlanta, Georgia, for the appellant.

Tsopei Robinson, Esquire, West Palm Beach, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable performance under 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant was employed by the agency as a GS-13 Information Technology Project Manager. Initial Appeal File (IAF), Tab 1 at 1. Effective June 14, 2019, the agency removed him based on a single charge of failure to meet his performance standards. IAF, Tab 7 at 133-36. In the sole specification of the charge, the agency alleged that, after being given an opportunity to improve, the appellant failed to perform satisfactorily in two critical elements of his performance plan, "Project Management, Acquisition and COR,"[2] and "Budget Accountability and Risk Management." *Id*. at 8. The agency alleged the same for one non-critical element, "Administrative, Security, & Reporting." *Id*. The agency took the action under the authority of 38 U.S.C. § 714, which codified the relevant provisions of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (VA Accountability Act). *Id*. at 133.

¶3     The appellant appealed his removal to the Board. IAF, Tab 1. In addition to challenging his removal, he also asserted that the action was in reprisal for filing a prior Board appeal and for whistleblowing, and that he was discriminated against based on his military status. IAF, Tab 35 at 3-5. After the appellant withdrew his request for a hearing, the administrative judge issued an initial decision based on the written record. IAF, Tab 46, Initial Decision (ID). Therein, when considering the agency's charge, the administrative judge discussed only whether the appellant failed to perform satisfactorily under the "Budget Accountability and Risk Management" critical element, and found that the agency proved by substantial evidence that the appellant failed to provide "fiscal accountability" as required by the performance standard by requesting funding for a project not under his purview and by providing multiple and considerably incorrect accountings for two of the projects to which he was

---

[2] While not defined in the record, from the context of this appeal, "COR" appears to be an abbreviation for Contracting Officer's Representative.

assigned. ID at 3-7. Although the administrative judge acknowledged that the appellant's performance plan "does not expressly define what unacceptable performance is," he nonetheless concluded that, because the appellant's performance plan allows for only one "exception" for any one performance standard to be rated fully successful, these above-described deficiencies in his performance resulted in his failing the "Budget Accountability and Risk Management" critical element. ID at 7. Accordingly, he sustained the charge. *Id*.

¶4    The administrative judge also found that the appellant failed to prove his affirmative defenses of reprisal for filing a prior Board appeal, reprisal for whistleblowing, and discrimination on the basis of his military status under the Uniformed Services Employment and Reemployment Rights Act (USERRA). ID at 8-11. Regarding the penalty of removal, although the appellant argued that the agency failed to consider mitigating factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981),[3] the administrative judge explained that "the unambiguous mandate of 38 U.S.C. § 714(d)(2)(B) prohibiting the Board from mitigating the [agency's] selected penalty precludes any such analysis." ID at 3 n.2. Accordingly, he affirmed the agency's action removing the appellant. ID at 11.

¶5    In his petition for review, the appellant repeats the administrative judge's observation that the agency's performance plan does not expressly define unacceptable performance. Petition for Review (PFR) File, Tab 1 at 8.[4] He also argues that he received inadequate notice of his performance deficiencies, specifically stating that his Fiscal Year (FY) 2019 mid-year review failed to

---

[3] In *Douglas*, the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions. *Douglas*, 5 M.S.P.R. at 305-06.

[4] The appellant timely filed his petition for review on December 24, 2018, and, because the initial decision was apparently not properly served on the parties through e-Appeal, also requested an extension of time to supplement the petition for review. PFR File, Tabs 1-2; IAF, Tab 48. Despite being afforded an opportunity to supplement his petition for review, the appellant did not submit an additional filing. PFR File, Tab 3.

provide any specific examples of unacceptable performance. *Id*. at 9. Additionally, he argues that most of the examples of poor performance relied upon by the agency occurred before he received a "Fully Successful" performance rating in all critical elements for FY 2018. *Id*. at 8. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved the charge by substantial evidence.</u>

¶6      In a performance-based action under section 714, the agency must show by substantial evidence that its performance standard was reasonable and provided for accurate measurement of the appellant's performance, and that the appellant's performance was unacceptable according to that measurement. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 18-19. As noted above, the administrative judge discussed the evidence supporting the agency's allegations and found that it established by substantial evidence that the appellant failed to responsibly track and provide fiscal accountability for programs under his dominion, as required by his performance standard.[5]      ID at 3-7. The administrative judge also determined that the agency's performance standard was reasonable and measurable, and that the appellant's performance in the "Budget

---

[5] We discern no error in the administrative judge's decision not to address the first critical element, "Project Management, Acquisition and COR," and the noncritical element, "Administrative, Security, & Reporting," which were both included in the agency's charge of failure to meet performance standards. IAF, Tab 7 at 8, 133. The Board has explained that an agency is only required to prove the essence of the charge and need not prove each factual specification supporting the charge. *See Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 8 (2014). The appellant's performance plan stated that an unacceptable rating in any one critical element would result in an unacceptable summary rating. IAF, Tab 7 at 109. Thus, the administrative judge could sustain the charge, as he did here, based on the appellant's unacceptable performance in one critical element alone. We discern no basis to disturb the administrative judge's finding that the appellant did not meet the critical element "Budget Accountability and Risk Management," and therefore his performance was unacceptable overall.

Accountability and Risk Management" critical element was unacceptable. ID at 6-7 & n.5. Accordingly, he sustained the charge. ID at 7.

¶7    On review, the appellant argues that his performance standards did not expressly define unacceptable performance. PFR File, Tab 1 at 8. The administrative judge addressed this argument and found that the performance standards' description of "fully successful" performance provided sufficient information for determining whether performance was unacceptable. ID at 3. We agree with the administrative judge. The appellant's performance was rated on a 3-tier scale—exceptional, fully successful, and unacceptable. IAF, Tab 7 at 103. "Fully successful" was therefore the minimum level of performance that the appellant needed to achieve, anything less than that being unacceptable. In any event, to be valid, performance standards must adequately describe acceptable performance, not unacceptable performance. *See Eibel v. Department of the Navy*, 857 F.2d 1439, 1443 (Fed. Cir. 1988).

¶8    The appellant also renews his argument that the agency failed to give him specific examples of his deficiencies so that he could improve his performance. PFR File, Tab 1 at 9; IAF, Tab 42 at 7. However, we agree with the administrative judge that this chapter 43 requirement does not apply to actions taken under the authority of 38 U.S.C. § 714. ID at 2-3 & n.1; *see* 38 U.S.C. § 714(c)(3); *see also Semenov*, 2023 MSPB 16, ¶ 15.[6]

¶9    Finally, the appellant argues that the agency based its finding that his performance was unacceptable on deficiencies that occurred prior to him receiving a "Fully Successful" performance rating on all his critical elements for his FY 2018 appraisal. PFR File, Tab 1 at 8; IAF, Tab 7 at 114-18. We disagree. The notice of proposed removal is based on the appellant's mid-year review

[6] The agency's performance appraisal form directs the rating official to give specific examples of any unacceptable performance. IAF, Tab 7 at 103. To the extent that the appellant is arguing that the agency violated this procedural protection, we disagree. The appellant's most recent performance rating contained specific, concrete examples of the types of performance deficiencies that led to his proposed removal approximately 5 months later. *Id*. at 8-10, 98-109.

covering October 1, 2018, through April 2019.  IAF, Tab 7 at 8, 132, Tab 32 at 54.  It was not based on the mid-year appraisal he received in August 2018, which covered October 1, 2017, to June 9, 2018, or the one he received covering the entirety of FY 2018.  IAF, Tab 7 at 114-24, 132.  Further, the appellant's "Fully Successful" ratings in the critical elements were for his FY 2018 mid-year performance review; his rating for the entirety of FY 2018, i.e., October 1, 2017, through September 30, 2018, was unacceptable on every element, critical and noncritical.  *Id*. at 98-109, 114-20.

¶10      Based on our review of the initial decision, we find that the administrative judge adequately considered the record as a whole, drew appropriate inferences, and made well-reasoned conclusions regarding the agency's burden to prove its charge.  Accordingly, we discern no basis to disturb the administrative judge's decision to sustain the charge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Affirmative Defenses.

¶11      As noted above, the appellant asserted the following three affirmative defenses:  reprisal for whistleblowing, discrimination based on his military status in violation of USERRA, and reprisal for filing a prior Board appeal.  IAF, Tab 33 at 4-5, Tab 35 at 3-5.  Regarding the appellant's claim of whistleblower reprisal, to establish this affirmative defense, an appellant must show, by preponderant evidence, that he made a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8) and the disclosure was a contributing factor in the personnel action.  *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 15.  A protected disclosure includes any disclosure of information that the employee reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to

public health or safety. 5 U.S.C. § 2302(b)(8); *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 13 (2015). The test of a reasonable belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced one of the types of wrongdoing listed above. *Ayers*, 123 M.S.P.R. 11, ¶ 13.

¶12    Below, the appellant argued that, in his response to his FY 2019 mid-year performance review, he disclosed that his negative review was an abuse of authority because his supervisor was setting him up to be removed. IAF, Tab 32 at 57, Tab 42 at 17-18. In the initial decision, the administrative judge found that a disinterested observer would readily conclude that the appellant's performance was "quite substandard," and the appellant's objection was nothing more than disagreement with his supervisor's assessment and did not constitute a disclosure of an abuse of authority. ID at 10. Thus, he concluded that the appellant's whistleblower reprisal affirmative defense must fail. *Id*. The appellant has not challenged the administrative judge's finding on review, and we similarly conclude that the appellant failed to prove by preponderant evidence that he disclosed information that he reasonably believed evidenced the sort of wrongdoing set forth in 5 U.S.C. § 2302(b)(8), thereby failing to prove that he engaged in protected whistleblowing.

¶13    The appellant also argued as an affirmative defense that his military service, which included 4 or 5 days per month from May 2018 until his June 2019 removal, was a motivating or substantial factor in the agency's decision to remove him. IAF, Tab 42 at 13-15. An employee making a claim of discrimination related to military status under USERRA bears the burden of showing by preponderant evidence that his military service was a "substantial or motivating factor" in the adverse employment action. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) (citation omitted). "Discriminatory or retaliatory motivation under USERRA may be reasonably

inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reasons and other actions of the employer, an employer's expressed hostility towards individuals or activities protected by the statute together with knowledge of the employee's military activity or protected USERRA activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses." *Id*. at 1014.

¶14    In the initial decision, the administrative judge acknowledged the temporal proximity between the appellant's military service—which occurred 4-5 times per month in the year leading up to his removal—and his removal, but concluded that the agency's explanation that it removed the appellant due to poor performance was "entirely consistent with its actions and was amply supported by the record." ID at 11.  Accordingly, he denied this affirmative defense.  *Id*.  The appellant has not challenged these findings on review, and we discern no reason to disturb them.[7]  *See McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶ 17 (2013) (explaining that the protection of employment under USERRA is based, in pertinent part, upon the employee's compliance with the reasonable standards of performance of all employees).

¶15    Regarding the appellant's claim of reprisal for filing a prior Board appeal, the administrative judge explained that, because the appellant did not raise allegations of whistleblower reprisal in the prior appeal, such a claim should be analyzed under the general reprisal standard set forth in *Warren v. Department of the Army*, 804 F.2d 654 (Fed. Cir. 1986).[8]  ID at 8-9.  However, in the prior appeal, the appellant raised a claim of reprisal for activity protected under

[7] Even if the temporal proximity was sufficient for the appellant to establish his burden, *see Sheehan*, 240 F.3d at 1014, he would still not be entitled to corrective action because the agency otherwise established that it would have removed the appellant based on his performance, in the absence of his military service, *see, e.g.*, *Fahrenbacher v. Department of Veterans Affairs*, 89 M.S.P.R. 260, ¶ 14 (2001) (denying corrective action under USERRA when the removal at issue was an appropriate penalty for the sustained misconduct).

Title VII. *Holmes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0278-I-1 Appeal File, Tab 12 at 5, 11-12.[9] In *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, the Board explained that, when an appellant alleges that the agency retaliated against him for a prior Board appeal in which he raised a claim of discrimination or reprisal under Title VII, the Title VII standard, and not the *Warren* standard, applies. *Pridgen*, 2022 MSPB 31, ¶ 32. Under that standard, an appellant must show that the prohibited consideration was a motivating factor in the agency's decision to take the action, or that it played "any part" in the action. *Id.*, ¶¶ 20-22, 30. Thus, in this appeal, the appellant must show that his prior Board appeal was a motivating factor in the agency's decision to remove him. Accordingly, in light of our decision to remand this appeal as set forth below, the administrative judge should provide the parties with notice of the Title VII evidentiary standards and burdens of proof and permit them to supplement the record on this issue. He should then analyze this affirmative defense under the standard set forth in *Pridgen*.

We remand this appeal for further adjudication consistent with *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16.

¶16 Although the administrative judge properly sustained the charge of failure to meet performance standards, remand is still necessary. In the decision notice removing the appellant, the deciding official applied the substantial evidence standard to his review of the removal action. IAF, Tab 7 at 133. After the issuance of the initial decision in this matter, the U.S. Court of Appeals for the Federal Circuit decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th

---

[8] Under this standard, an appellant must show that (1) he engaged in protected activity; (2) the accused official knew of the activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *See Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986); *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016).

[9] The administrative judge in that appeal did not adjudicate this claim because she found that it was not properly raised. *Holmes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0278-I-1, Initial Decision at 2 n.2 (Feb. 24, 2016).

1290 (Fed. Cir. 2021). In *Rodriguez*, 8 F.4th at 1296-1301, the court found that the agency had erred by applying the substantial evidence standard of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that the agency's deciding official must apply the preponderance of the evidence burden of proof to "determine" whether the appellant's "performance or misconduct . . . warrants" the action at issue. *Semenov*, 2023 MSPB 16, ¶ 21 (quoting *Rodriguez*, 8 F.4th at 1298-1301 (quoting 38 U.S.C. § 714(a)(1))); *see Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1347 (Fed. Cir. 2022) (agreeing with a petitioner that the agency's decision was "legally flawed" when the deciding official found the charge proved merely by substantial evidence rather than preponderant evidence, as required under *Rodriguez*).

¶17 The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties did not have the benefit of *Rodriguez* or the Board's application of it in *Semenov* when developing the record. Therefore, we are unable to address the impact of those decisions on this appeal. Accordingly, on remand, the administrative judge shall adjudicate whether the agency's application of the substantial evidence standard of proof was harmful error. *See id.*, ¶¶ 22-24 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714).

¶18 We must also remand this appeal on the issue of penalty. As noted above, the administrative judge did not address the issue of penalty, noting only that 38 U.S.C. § 714(d)(2)(B) prohibits the Board from mitigating the agency's chosen penalty. ID at 3 & n.2. The appellant did not challenge the administrative judge's handling of the penalty on review. PFR File, Tab 1. However, following the issuance of the initial decision, the Federal Circuit issued *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020), wherein it

clarified that, while the Board may not mitigate the penalty, 38 U.S.C. § 714 nevertheless "requires the Board to review for substantial evidence the entirety of the [agency's] removal decision—including the penalty—rather than merely confirming that the record contains substantial evidence that the alleged conduct leading to the adverse action actually occurred." *Sayers*, 990 F.3d at 1379; *see Semenov*, 2023 MSPB 16, ¶ 45. The Federal Circuit later explained in *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1323-27 (Fed. Cir. 2021), that the Board's review must include the agency's penalty determination whether the action is based on misconduct or performance. *See Semenov*, 2023 MSPB 16, ¶ 45. Finally, the Federal Circuit also found in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), that the agency and the Board must still apply the *Douglas* factors to the selection and review of penalties in disciplinary actions taken under 38 U.S.C. § 714. *See Semenov*, 2023 MSPB 16, ¶ 49.

¶19 Because the administrative judge did not address the *Douglas* factors, and it is unclear from the record to what extent, if any, the agency deciding official considered them, those issues must be addressed on remand. On remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue. *See id.*, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, he should remand the appellant's removal to the agency for a new decision on the appropriate penalty.[10] *See id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers*, 954 F.3d at 1375-76, 1379).

---

[10] If remanded to the agency, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *See Brenner*, 990 F.3d at 1324 (observing that the VA Accountability Act maintains due process protections for employees); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir. 1999).

**ORDER**

¶20 For the reasons discussed above, we remand this appeal to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.[11] As outlined above, the administrative judge shall address whether the agency's error in applying the substantial evidence burden of proof to its action was harmful. *See Semenov*, 2023 MSPB 16, ¶ 24. If the administrative judge determines that the agency's error in applying the incorrect burden of proof was not harmful, then he shall determine whether the agency proved by substantial evidence that it applied the relevant *Douglas* factors, and that the penalty was reasonable. If he determines that the agency did not properly apply the relevant *Douglas* factors and that the agency's penalty was not reasonable, he shall remand the appellant's removal to the agency for a new decision on the appropriate penalty. The new initial decision shall also address the appellant's affirmative defense of reprisal for filing a Board appeal using the standard set forth in *Pridgen*. The administrative judge may, if appropriate, incorporate into the remand decision his prior findings concerning the charges and the affirmative

---

[11] The administrative judge shall provide the parties with an opportunity to present evidence and argument addressing the issues on remand. He shall hold a hearing limited to the issues on remand if one is requested by the appellant. 5 U.S.C. § 7701(a)(1); *see Semenov*, 2022 MSPB 16, ¶ 24 (instructing the administrative judge to hold a supplemental hearing addressing whether the agency's use of the substantial evidence standard in a 38 U.S.C. § 714 removal decision constituted harmful error).

defenses of whistleblower reprisal and discrimination based on military status, consistent with this Remand Order.[12]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[12] Regardless of his findings on the matters for which this appeal is being remanded, if any argument or evidence adduced on remand affects the administrative judge's prior analysis of the merits of this appeal or the appellant's affirmative defenses of reprisal for whistleblowing activity and discrimination based on the appellant's military status, he should address such argument or evidence in the remand decision. *See Semenov*, 2023 MSPB 16, ¶ 25.