# United States Court of Appeals
# for the Federal Circuit

---

**CHARLES W. HARRINGTON, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2019-1882

---

Petition for review of the Merit Systems Protection Board in No. AT-0714-18-0615-I-1.

---

Decided: December 7, 2020

---

ROBERT JASON FOWLER, Covington & Burling LLP, Washington, DC, argued for petitioner.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by JEFFREY B. CLARK, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.; DANA HECK, Office of General Counsel, United States Department of Veterans Affairs, St. Petersburg, FL.

---

Before NEWMAN, DYK, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge*.

This case involves the removal of a federal employee, Charles Harrington, Jr., who worked as a police officer for the Department of Veterans Affairs. VA removed Mr. Harrington based on 38 U.S.C. § 714, which streamlined disciplinary actions by VA and placed certain limitations on the review of those actions by the Merit Systems Protection Board. The MSPB affirmed Mr. Harrington's removal. Mr. Harrington appealed to this court.

After briefing concluded here, this court decided *Sayers v. Dep't of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020), which included two holdings relevant to this appeal. First, we held that the proper interpretation of § 714 requires the Board to review the entire decision below, including the choice of penalty. Second, we held that § 714 does not apply to proceedings instituted based on conduct occurring before its enactment. Mr. Harrington submitted *Sayers* as supplemental authority.

Because we conclude that Mr. Harrington has not waived his arguments regarding *Sayers,* we vacate Mr. Harrington's removal and remand to the Board for further proceedings consistent with our decision in *Sayers*.

## I

Before his removal, Mr. Harrington was a police officer at the Bay Pines VA Healthcare System. On June 9, 2017, Mr. Harrington sent a photograph of a document contained on the secure agency server to a former VA police officer, Carlton Hooker, who was no longer employed by VA. VA had provided Mr. Hooker with a text file of the contents of that document in response to a FOIA request but did not provide the document itself.

Two weeks after Mr. Harrington sent the photo to Mr. Hooker, on June 23, 2017, Congress enacted the Department of Veterans affairs Accountability and Whistleblower Protection Act of 2017, which established 38 U.S.C.

§ 714, among other provisions. Pub. L. No. 115-41, § 202, 131 Stat. 862, 869–73. Section 714 speeds up removal proceedings, § 714(c), lowers VA's burden of proof at the Board from a preponderance of the evidence to substantial evidence, § 714(d)(2)(A), (d)(3)(B), and eliminates the Board's authority to mitigate VA's imposed penalty, § 714(d)(2)(B), (d)(3)(C).

Soon after § 714's enactment, VA brought a removal action under § 714 against Mr. Harrington. The Notice of Proposed Removal alleged, among other things, that Mr. Harrington committed misconduct by sending the photograph of documents kept on the agency server to Mr. Hooker. VA issued a decision removing Mr. Harrington, and Mr. Harrington appealed to the MSPB, representing himself pro se.

In its review, the MSPB determined that VA did not err in removing Mr. Harrington because it found that substantial evidence supported the charge of misconduct based on sending the photograph to Mr. Hooker. The Board did not review the appropriateness of the severity of the penalty.

## II

We review MSPB decisions for whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). "We review whether the MSPB has jurisdiction over an appeal *de novo*." *Coradeschi v. DHS*, 439 F.3d 1329, 1331 (Fed. Cir. 2006). "We review the Board's determinations of law for correctness without deference to the Board's decision." *McEntee v. MSPB*, 404 F.3d 1320, 1325 (Fed. Cir. 2005).

III

On appeal, Mr. Harrington argues that the Board erred in upholding his removal because the Board failed to consider the severity of VA's penalty relative to his alleged misconduct. In his notice of supplemental authority, Mr. Harrington emphasizes that our recent *Sayers* decision answered this question in his favor. He also notes that we held in *Sayers* that § 714 does not apply retroactively. Although retroactivity was not raised in the briefs, Mr. Harrington requests that we exercise our discretion to address this issue. We agree with Mr. Harrington on both issues and therefore vacate the Board's decision.

A

Mr. Harrington argues that the Board erred by failing to consider the reasonableness of the penalty of removal.

Under § 714(a)(1), "[t]he Secretary may remove, demote, or suspend [an employee] if the Secretary determines the performance or misconduct of the [employee] warrants such removal, demotion, or suspension." Appeals are subject to expedited review, and "the administrative judge shall uphold the decision of the Secretary . . . if the decision is supported by substantial evidence." § 714(d)(1)–(2)(A). "[I]f the decision of the Secretary is supported by substantial evidence, the administrative judge shall not mitigate the penalty prescribed by the Secretary." § 714(d)(2)(B).

The Administrative Judge read these sections to mean that because the Board could not mitigate the penalty, it similarly should not consider the reasonableness of that penalty in determining whether to sustain the adverse action. *Harrington v. Dep't of Veterans Affs.*, No. AT-0714-18-0615-I-1, 2019 WL 917330 (M.S.P.B. Feb. 19, 2019) ("[I]n the absence of any Board authority to mitigate the appellant's removal, I conclude that the agency is entitled to a Board decision affirming the appellant's removal."). Mr. Harrington argues that this conflates the authority of

the Administrative Judge to *mitigate* a decision with their authority to *review* a decision.  He contends that barring review of the severity of penalties "would give agencies the unfettered ability to impose the harshest of penalties for the most minor of indiscretions, which an administrative judge would have to uphold so long as the underlying charge is established."  Pet. Br. 19.

Our opinion in *Sayers* controls and mandates that review of the penalty must be included in the Board's review of the adverse action.  *See Sayers*, 954 F.3d at 1379.  There, we noted that "[t]he Board cannot meaningfully review [a] decision if it blinds itself to the VA's choice of action."  *Id.* at 1375.  "Deciding that an employee stole a paper clip is not the same as deciding that the theft of a paper clip warranted the employee's removal."  *Id.*

The Board did not conduct a key portion of the analysis under the proper interpretation of § 714, so remand to the MSPB is required.

B

In *Sayers*, we also held that § 714 does not apply retroactively.  *Sayers*, 954 F.3d at 1380.  Though the parties did not brief this issue, Mr. Harrington requests we consider retroactivity.

Waiver is a discretionary issue. *Singleton v. Wulff*, 428 U.S. 106, 121 (1976).  This court has recognized several reasons for considering issues raised for the first time on appeal: (i) the issue involves a pure question of law; (ii) the proper resolution is beyond any doubt; (iii) the appellant had no opportunity to raise the objection before appeal; (iv) the issue presents significant questions of general impact; or (v) the interest of substantial justice is at stake.  *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1531 (Fed. Cir. 1995).

Most of these elements apply here.  Whether or not a statute applies retroactively is a pure question of law, and

neither party disputes the fact that the relevant events transpired before enactment of § 714. The proper resolution is beyond any doubt. Our opinion in *Sayers* directly states that "§ 714 cannot be applied retroactively." 954 F.3d at 1372. While Mr. Harrington could have argued before the Board that the statute does not apply retroactively, before *Sayers*, such a defense would have been difficult for a pro se litigant to mount. This is not a situation in which sophisticated counsel could have anticipated *Sayers*. Further, Mr. Harrington "had a right to the substantive civil service protections from improper or unjustified removal in effect at the time of his alleged misconduct." *Id.* at 1381. To ignore this right would not be in the interest of justice.

Despite the existence of various factors that support excusing waiver here, the government argues that we should not consider an issue that has not been briefed. We agree that as a general matter an issue not raised until a supplemental filing typically should not be reached. But the unique facts of this case counsel against holding Mr. Harrington to a strict waiver. This is particularly true because a remand is required in any event for the scope of penalty review issue, which Mr. Harrington has adequately preserved. *See supra* § III(A).

For these reasons, we hold that the § 714 action brought against Mr. Harrington is improper because the only remaining charges against him depend on conduct predating enactment of § 714, which *Sayers* concluded is impermissible. We express no opinion on whether removal is appropriate under 5 U.S.C. Ch. 75, or any other applicable provision. That determination is best left to the agency on remand.

## IV

Because the Department of Veterans Affairs cannot remove Mr. Harrington under § 714 without impermissibly applying the statute retroactively, we vacate Mr.

Harrington's removal and remand to the Merit Systems Protection Board for further proceedings consistent with *Sayers*. The Board in turn should remand to the agency.

## VACATED AND REMANDED

### COSTS

No costs.