**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHARLES WILLIAM HARRINGTON, JR.,

    Appellant,

       v.

DEPARTMENT OF VETERANS AFFAIRS,

    Agency.

DOCKET NUMBER
AT-0752-21-0535-I-1

DATE: February 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles William Harrington, Jr., Palmetto, Florida, pro se.

Dana C. Heck, Esquire, St. Petersburg, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant, a Police Officer, accessed a law enforcement report in an agency electronic database, photographed it, and sent the picture to a party outside the agency, all without a legitimate business reason or authorization. Initial Appeal File (IAF), Tab 5 at 60-62.  Based on that misconduct, the agency removed the appellant under chapter 75 of Title 5 of the U.S. Code based on two charges:  (1) conduct unbecoming a Federal police officer, and (2) violating the agency information security rules of behavior and medical facility privacy policy.[2]  *Id.* at 37, 39-42, 51-55.  The appellant appealed his removal to the Board.  IAF, Tab 1.

---

[2] The agency previously removed the appellant for the same misconduct, in addition to other alleged acts, under 38 U.S.C. § 714.  *Harrington v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0615-I-1, Initial Appeal File, Tab 5 at 19, 21-23, 280-83.  The appellant appealed his removal to the Board, and the administrative judge affirmed the removal in an initial decision.  *Harrington v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0615-I-1, Initial Decision (Feb. 19, 2019).  The appellant appealed the initial decision to the U.S. Court of Appeals for the Federal Circuit, which, following its reasoning in *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020), vacated the appellant's removal and remanded

¶3 After affording the appellant his requested hearing—at which the appellant admitted to photographing and releasing the agency police report as charged, IAF, Tab 45, Hearing Recording (HR) (testimony of the appellant),[3]—the administrative judge affirmed the appellant's removal, finding that the agency proved its charges by preponderant evidence, that the appellant failed to prove his affirmative defenses of harmful error and reprisal for whistleblower activity, and that the agency proved a nexus between its action and the efficiency of the service and the reasonableness of its penalty, IAF, Tab 48, Initial Decision (ID) at 2-11. On review, among other contentions, the appellant argues that the administrative judge made various errors in sustaining the agency's charges and finding the removal reasonable. Petition for Review (PFR) File, Tab 1. The agency filed a response. PFR File, Tab 3.

¶4 After careful consideration of the appellant's petition for review, we discern no reason to disturb the initial decision. The appellant argues that the agency committed a due process violation because the deciding official considered his lack of remorse or acceptance of accountability for his actions even though the proposing official never listed that as an aggravating factor. PFR File, Tab 1 at 32; HR (testimony of deciding official). However, the deciding official's conclusion that the appellant lacked remorse or accountability was a logical inference from the record, including the appellant's failure to cooperate with the agency investigation into his misconduct and his failure, until the hearing, to apologize for his actions. IAF, Tab 5 at 61-62; ID at 11 n.3. Thus, it was not improper for the deciding official to find a lack of rehabilitative potential based

the case to the Board on the grounds that the administrative judge failed to consider the reasonableness of the penalty and improperly applied 38 U.S.C. § 714 retroactively to the appellant's misconduct. *Harrington v. Department of Veterans Affairs*, 981 F.3d 1356, 1358-59 (Fed. Cir. 2020). The administrative judge then reversed the agency's action and remanded the matter to the agency. *Harrington v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0615-M-1, Initial Decision (Mar. 31, 2020). The current appeal is based on a new removal action.

[3] The appellant repeated these admissions in his close of record brief. IAF, Tab 46 at 7.

on the appellant's failure to accept responsibility. *See Harding v. U.S. Naval Academy*, 567 F. App'x 920, 925-26 (Fed. Cir. 2014) (finding an appellant's due process rights were not violated when he was not advised in advance that the deciding official might draw an inference from the nature of the charged misconduct).

¶5        Regarding penalty, the appellant argues that the deciding official failed to give any weight to mitigating factors, such as his length of service, fully successful performance record, and lack of prior discipline. PFR File, Tab 1 at 31. However, the record shows that the deciding official considered these factors in his penalty analysis. IAF, Tab 5 at 43. That these factors did not cause the deciding official to mitigate the penalty does not mean that they were not considered. As to the appellant's argument that rehabilitative potential must be assessed based on past misconduct, not the current matter, PFR File, Tab 1 at 32, the appellant is taking a statement in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 312-13 (1981), out of context, as it was part of a determination that a particular appellant's long disciplinary record weighed against finding rehabilitative potential, not that the misconduct for which he was removed could not be considered as part of that assessment.

¶6        In his initial decision, the administrative judge failed to address the appellant's claim that there was no evidence that he was informed of the rules of behavior and the privacy policy that he allegedly violated. PFR File, Tab 1 at 24-25; IAF, Tab 46 at 7-8. Because knowledge of the rules and policy allegedly violated is not an element of the agency's charge, the appellant's claim is not relevant to whether the charge was properly sustained. *See Wells v. Department of Defense*, 53 M.S.P.R. 637, 643-44 (1992). In addition, even if the appellant had not been specifically informed of the rules and policy he was alleged to have violated, it strains credulity that the appellant, a Police Officer, did not know that law enforcement reports should not be photographed and given to an individual outside of the agency. Regarding the argument that the

appellant's photographing and releasing the information was not improper because it had previously been released under the Freedom of Information Act, PFR File, Tab 1 at 25-26; IAF, Tab 46 at 6-7, which the administrative judge also did not address, the appellant cites nothing to support his claim that his conduct was proper because the information had been previously released. Thus, the appellant's claims do not provide a basis to disturb the initial decision.

¶7        For the first time on petition for review, the appellant argues that: (1) the charges should merge because they both allege the same underlying misconduct; and (2) the conduct unbecoming a Federal police officer charge is unconstitutionally vague. PFR File, Tab 1 at 20-24. The appellant has not explained why he was unable to raise these arguments prior to the close of the record before the administrative judge, and thus we need not consider them. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶8        In any event, if the charges were merged, the fact that a charge has been merged into another does not mean that the duplicative charge is not sustained or that the appellant's misconduct somehow becomes less serious by virtue of the merger. *Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 12 (2005). Furthermore, although he did not merge the two charges, the administrative judge acknowledged that they were based on the same underlying set of facts, ID at 5, and we discern no basis to find that he abandoned this premise in assessing the reasonableness of the penalty, ID at 10-11. There is also no indication in the record that the deciding official interpreted the appellant's misconduct as exceeding a single set of acts or sought to magnify the penalty based on the fact that the same acts were used to support two charges. IAF, Tab 5 at 39-44; HR (testimony of the deciding official). Thus, even if the administrative judge erred by not merging the charges, this error did not prejudice the appellant's rights and

provides no basis to disturb the initial decision.[4]  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[4] Regarding the claim that the conduct unbecoming charge was vague and thus invalid, the Board has held that a charge of "conduct unbecoming," much like a charge of "improper conduct," has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label.  *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010).  Here, the agency's narrative under the charge set forth his actions in detail and described why they were unbecoming a police officer.  IAF, Tab 5 at 51.  Thus, there was nothing improper in the agency's charge.  *See Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202-03 (1997) (finding an appellant was not harmed by the agency's use of a broad label such as "improper misconduct" when the specificity provided by the agency's narrative of the appellant's misconduct satisfied notice and fairness requirements); *Gallagher v. U.S. Postal Service*, 6 M.S.P.R. 572, 575 (1981) (finding that an agency regulation prohibiting "conduct unbecoming" an employee was not unconstitutionally vague as applied to an appellant when the charges in the proposal notice were clear, specific, and informed the appellant of the reasons for his proposed removal).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.