# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARIMEKKO ALLEN,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0714-18-0278-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE:　May 10, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Wendell J. Echols, Esquire, Tuskegee, Alabama, for the appellant.

Kimberly K. Ward, Decatur, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant was employed by the agency as a Certified Nursing Assistant with the Central Alabama Veterans Health Care System in Tuskegee, Alabama. Initial Appeal File (IAF), Tab 1 at 6, Tab 5 at 6. Her duties included providing nursing care for patients and residents, such as maintaining their personal hygiene, observing and reporting symptoms of distress, and performing complex treatment. IAF, Tab 5 at 75. After reports from coworkers that she, among other things, spoke harshly with patients, yelled at coworkers that she would not bathe patients alone, failed to properly bathe patients, failed to dress a patient as instructed, and was observed sleeping in unoccupied rooms while on duty, the agency opened an investigation into the appellant's alleged misconduct. *Id*. at 17-52.

¶3     As a result of the investigation, the agency proposed the appellant's removal, pursuant 38 U.S.C. § 714, which codified the relevant provision of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (VA Accountability Act or the Act). IAF, Tab 5 at 14. The proposal was based on four charges: (1) inappropriate conduct (five specifications); (2) loafing (two specifications); (3) patient neglect (one specification); and (4) failure to follow instructions (one specification).[2] *Id*. at 14-15. The underlying conduct took place between March and June 2017. *Id*. The appellant replied to the proposed removal, but she sent her reply to an agency official other than the deciding official named in the proposal notice. IAF, Tab 1 at 22-25, Tab 5 at 15-16. On February 6, 2018, the deciding official issued a final decision finding that the charges were supported by substantial evidence and removing the appellant from Federal service. IAF, Tab 5 at 11. At the time she made her decision, the deciding official did not have

---

[2] The notice of proposed removal appears to misnumber the charges, listing charges 1, 2, 4, and 5, and omitting a charge 3. IAF, Tab 5 at 15. This appears to be a typographical error, as the notice of proposed removal lists four charges. *Id*. at 14-15.

a copy of the appellant's reply.  IAF, Tab 13, Hearing Recording (HR) (testimony of the deciding official).

¶4    The appellant filed the instant appeal with the Board, challenging the removal and raising as affirmative defenses reprisal for whistleblower and equal employment opportunity (EEO) activity, and harmful procedural error.  IAF, Tab 1 at 1, Tab 12 at 2-3.  After holding a hearing, the administrative judge issued an initial decision sustaining all the charges and specifications except for one specification of the inappropriate conduct charge.  IAF, Tab 15, Initial Decision (ID) at 3-9.  She also found that the appellant failed to prove any of her affirmative defenses, and she affirmed the removal action.  ID at 9-15.

¶5    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  She does not challenge the administrative judge's findings regarding the charges; rather, she reasserts her affirmative defenses that her removal was the result of retaliation for whistleblower and EEO activity, and that the agency engaged in harmful procedural error.  PFR File, Tab 1 at 3-4.  She also argues on review that the agency failed to engage in settlement discussions, subjected her to a hostile work environment, and engaged in disparate treatment.  *Id*.  She asserts that the agency was required to consider progressive discipline under the parties' collective bargaining agreement (CBA).  *Id*. at 3.  The agency has filed a response.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

### We sustain the inappropriate conduct charge but do not sustain charges two, three, and four.

¶6    As noted above and detailed in the notice of proposed removal, the underlying conduct of the four charges against the appellant took place between March and June 2017.  IAF, Tab 5 at 14-15.  Specifically, the instances of misconduct specified under charge one (inappropriate conduct) occurred on March 6, 2017; June 6, 2017; June 26, 2017; May 24, 2017; and June 14, 2017.

*Id*. The misconduct underlying charge two (loafing) occurred on June 21 and 22, 2017. *Id*. at 15. The one incident of misconduct specified under charge three (patient neglect) occurred on June 22, 2017, and the misconduct specified under charge four (failure to follow instructions) happened on June 14, 2017. *Id*. After a thorough discussion of the alleged misconduct and the agency's evidence in support thereof, the administrative judge sustained all the charges. ID at 3-9.

¶7      Following the issuance of the initial decision in this appeal, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020). In *Sayers*, the court held that "[38 U.S.C.] § 714 does not apply to proceedings instituted based on conduct occurring before its enactment" on June 23, 2017. *Harrington v. Department of Veterans Affairs*, 981 F.3d 1356, 1357, 1359 (Fed. Cir. 2020) (citing *Sayers*, 954 F.3d at 1380-82 (finding that application of section 714 to events occurring prior to its enactment has "an impermissible retroactive effect")).

¶8      Here, all of the misconduct underlying charges two through four predate the VA Accountability Act's June 23, 2017 enactment. Accordingly, these charges must be reversed. *See Harrington*, 981 F.3d at 1357, 1359 (vacating a 38 U.S.C. § 714 removal based on pre-enactment conduct); *Sayers*, 954 F.3d at 1372-73, 1382 (same).

¶9      Turning to charge one (inappropriate conduct), the misconduct alleged in specifications one, two, four, and five also occurred prior to the enactment of the VA Accountability Act and, therefore, cannot be sustained.[3] IAF, Tab 5 at 14; *see Harrington*, 981 F.3d at 1357, 1359; *Sayers*, 954 F.3d at 1372-73, 1382. However, the incident underlying specification three is alleged to have occurred on or about June 26, 2017, which postdates the Act. IAF, Tab 5 at 14. In *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 30-33, the Board considered whether a charge can be sustained based solely on conduct that postdated the VA

_____

[3] Because we find that the first specification must be reversed on this basis, we need not address the administrative judge's unchallenged determination that the agency failed to prove this specification on the merits. ID at 3.

Accountability Act when that charge includes misconduct that also occurred prior to the Act. It recognized that an error that affects one charge does not necessarily require vacating the remaining charges; rather, if the remaining unrelated charges are untainted by the error, they may be reviewed on the merits. *Id.*, ¶ 30 (citing *Boss v. Department of Homeland Security*, 908 F.3d 1278, 1279, 1281-84 (Fed. Cir. 2018) (holding that an agency's due process violation as to one charge did not require an arbitrator to vacate the two remaining charges that were not tainted by the due process violation and were based on "distinct facts")).

¶10    Here, the specification at issue alleged that, on or about June 26, 2017, a nursing assistant witnessed the appellant telling a veteran that he could not tell her what to do "because he's been to prison," or words to that effect. IAF, Tab 5 at 14. The misconduct alleged in the specification occurred on a single date after the enactment of the VA Accountability Act and does not depend on or encompass conduct that occurred on any other date. *Id.* Further, the veteran involved and the witness to the incident are not referenced elsewhere in the proposed removal notice. *Id.* at 14-15. We find that the misconduct is not so factually interrelated to other alleged misconduct in the charge that it cannot be fairly separated. *See Boss*, 908 F.3d at 1282-83 (declining to vacate a removal based on an error as to one of the three charges "[i]n the absence of evidence indicating that the procedural defect tainted the decision-making on the other charges, or circumstances where the charges are so factually interrelated that they cannot be fairly separated").

¶11    In the initial decision, the administrative judge credited the testimony of the nursing assistant who observed the appellant's conduct. ID at 4. The administrative judge further stated that she "discerned no reason" why the nursing assistant would fabricate the event to harm the appellant. ID at 4-5. Additionally, the administrative judge explained that the appellant made the statement in front of another patient and that it was inappropriate to discuss that

subject in that manner. ID at 5. Accordingly, she found that the agency met its burden with respect to this specification.

¶12     When an administrative judge has held a hearing and has made credibility determinations that were, as is the case here, explicitly or implicitly based on witness demeanor, the Board must defer to those credibility determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not challenged the administrative judge's credibility determination on review, or any of her findings relating to this specification, and we otherwise discern no "sufficiently sound" reason to disturb her credibility findings. As such, we defer to them here. *See id.* Further, we agree with the administrative judge that the appellant's conduct was inappropriate, as it demonstrated disrespect towards a patient when the appellant's position description specifically requires her to display courtesy in her contacts with patients. IAF, Tab 5 at 77. When more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). Accordingly, we decline to disturb the administrative judge's decision to sustain the specification, which is sufficient to sustain the charge.

We remain this appeal for further adjudication consistent with *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16.

¶13     Although we ultimately sustain the charge of inappropriate conduct, remand is still necessary. As noted above, the deciding official applied the substantial evidence standard to her review of the removal action. IAF, Tab 5 at 11. After the initial decision in this case was issued, however, the Federal Circuit decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021). In *Rodriguez*, 8 F.4th at 1296-1301, the court found that the agency had erred by applying the substantial evidence standard of proof to its internal review of a

disciplinary action under 38 U.S.C. § 714. The court found that substantial evidence is the standard of proof to be applied by the Board, not the agency, and that the agency's deciding official must apply the preponderance of the evidence standard to "determine" whether the appellant's "performance or misconduct . . . warrants" the action at issue. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 21 (quoting *Rodriguez*, 8 F4th at 1298-1301 (quoting 38 U.S.C. § 714(a)(1))); *see Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1347 (Fed. Cir. 2022) (agreeing with a petitioner that the agency's decision was "legally flawed" when the deciding official found the charge proved merely by substantial evidence rather than preponderant evidence, as required under *Rodriguez*).

¶14 The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties did not have the benefit of *Rodriguez* or the Board's application of it in *Semenov*; therefore, we are unable to address its impact on this appeal. Accordingly, following the return of the appeal to the administrative judge after the agency issues its penalty redetermination, as addressed in greater detail below, the administrative judge shall adjudicate whether the agency's application of the substantial evidence standard of proof was harmful error. *See id.*, ¶¶ 22-24 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714).

¶15 We must also remand this appeal on the issue of penalty. When addressing the penalty of removal, the administrative judge did not address whether the penalty of removal was reasonable, explaining only that, "[p]ursuant to 38 U.S.C. § 714(d)(2)(B), the Board may not mitigate the penalty selected by the agency." ID at 14. Following the issuance of the initial decision, however, the Federal Circuit issued *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1326-27 (Fed. Cir. 2021), wherein it found that the agency and the Board must still apply

the *Douglas*[4] factors to the selection and review of penalties in disciplinary actions taken under 38 U.S.C. § 714. *See Semenov*, 2023 MSPB 16, ¶ 49. The Board's review of the penalty to determine if it is supported by substantial evidence is part of its overall review of the agency's adverse action. *Connor*, 8 F.4th at 1326. Indeed, the Board's "longstanding" practice of reviewing the penalty in adverse actions appeals "avoids absurd, unconstitutional results" such as a removal over the "theft of a paperclip." *Sayers*, 954 F.3d at 1378.

¶16     Although the deciding official appears to have vaguely considered some of the *Douglas* factors in the decision notice, IAF, Tab 5 at 11, we need not determine whether such consideration is sufficient under *Connor* and *Semenov* because the agency has not otherwise shown by substantial evidence that the penalty of removal is within the tolerable limits of reasonableness for the sustained conduct. When, as here, not all the charges are sustained, the Board will consider carefully whether the sustained charges merit the penalty imposed by the agency. *Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 6 (2010), *aff'd per curiam*, 415 F. App'x 240 (Fed. Cir. 2011). Here, we have sustained only one of the four charges, and the sole sustained charge is based on a single specification. Notably, in the decision notice, the deciding official emphasized the repeated nature of the appellant's misconduct, and she considered the "several incidents" that support the charged misconduct. IAF, Tab 5 at 11. Given that there is no additional evidence in the record justifying the penalty of removal in light of the one sustained charge, we find that the agency failed to prove by substantial evidence that its penalty was within the limits of reasonableness. *See Tyron v. U.S. Postal Service*, 108 M.S.P.R. 148, ¶¶ 7, 9 (2008) (concluding that the penalty of removal for one instance of hugging a customer exceeded the bounds of reasonableness); *Smith v. Department of the Air Force*, 48 M.S.P.R. 594, 596-600 (1991) (concluding that a 90-day suspension

---

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

was the maximum reasonable penalty for an appellant's refusal, for 45 minutes, of a security police officer's order to move her car, and her subsequent refusal of the same officer's order produce her driver's license and remain in the agency's parking lot to receive a parking citation). However, because the Board cannot mitigate the penalty in actions taken pursuant to 38 U.S.C. § 714, *see* 38 U.S.C. § 714(d)(2)(B), the administrative judge must remand the appellant's removal to the agency "for a redetermination of the penalty," *see Connor*, 8 F.4th at 1326-27; *Semenov*, 2023 MSPB 16, ¶¶ 49-50.

<u>On remand, the administrative judge should also reconsider the appellant's whistleblower reprisal affirmative defense.</u>

¶17    As noted above, the appellant raised an affirmative defense of, among other things, whistleblower reprisal. IAF, Tab 11 at 3-4, Tab 12 at 2. In order to prevail on this defense, the appellant must prove by preponderant evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that the disclosure or activity was a contributing factor in the agency's action. 5 U.S.C. § 1221(e)(1); *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 15.

¶18    Below, the appellant alleged that she made three protected disclosures relating to the alleged stealing of time by not entering leave, nepotism, and coworkers' relationships with patients, and that the agency removed her in reprisal for those disclosures. IAF, Tab 11 at 3-4, Tab 12 at 2. In the initial decision, the administrative judge declined to determine whether the disclosures were protected under 5 U.S.C. § 2302(b)(8) because she found that the appellant failed to prove that they were a contributing factor in her removal. ID at 12. The administrative judge relied exclusively on the knowledge/timing test, by which an appellant can establish the contributing factor element by showing that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the

personnel action. ID at 11-12; *see Covington*, 2023 MSPB 5, ¶ 43. She found that because there was no evidence that either the proposing or deciding official were aware of the appellant's alleged disclosures, the appellant failed to establish this affirmative defense. ID at 12.

¶19     On review, the appellant does not appear to directly challenge the administrative judge's findings.[5] PFR File, Tab 1 at 4. Nonetheless, in light of our decision to remand this appeal, we find it appropriate to revisit the appellant's whistleblower reprisal claim. The respondent in a corrective action appeal is the agency, not its individual officials; therefore, a lack of actual knowledge by a single official is not dispositive to the issue of contributing factor. *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 20. Rather, contributing factor can be established by a showing that an individual with actual or constructive knowledge of the disclosure influenced the official taking the action. *Id.* The appellant has not alleged or proven any such facts here, and therefore, we discern no basis for a finding of constructive knowledge.

¶20     In any event, the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor element. Rather, when an appellant fails to meet this test, the Board will consider other evidence such as evidence pertaining to the strength or weakness of the agency's reason for taking the personnel action,

---

[5] In the petition for review, the appellant reiterates her three disclosures. PFR File, Tab 1 at 4. She asserts that after she made them, she was also subjected to a hostile work environment. *Id.* While not entirely clear, it appears that the appellant may be reasserting her claim, from below, that she disclosed to the investigative board that she was subjected to "[h]arassment, bullying, and threats." IAF, Tab 11 at 4. If she is, we agree with the administrative judge that this disclosure was not protected. IAF, Tab 12 at 2. The only information the appellant claimed to have specifically disclosed to the investigative board was her conclusion that she was harassed. IAF, Tab 11 at 3-4, 36. Disclosures of harassment may be protected. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 13 (2015). However, her general suggestion of a hostile work environment is too vague and conclusory to constitute a protected disclosure. *See Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 12 (2016) (determining that vague and conclusory allegations of a hostile work environment and mismanagement are insufficient to merit a finding of Board jurisdiction over an individual right of action appeal).

whether the whistleblowing was personally directed at the proposing or deciding official, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). Thus, on remand, the administrative judge should consider whether the appellant established the contributing factor element apart from the knowledge/timing test, and if so, whether the alleged disclosures were protected under 5 U.S.C. § 2302(b)(8).

<u>We discern no basis to disturb the administrative judge's findings regarding the appellant's remaining affirmative defenses.</u>

¶21    As noted, the appellant also asserted below that the agency retaliated against her because of her EEO activity and committed harmful error when the deciding official did not review her response to the notice of proposed removal. IAF, Tab 8 at 2, Tab 9 at 3, Tab 12 at 3. The administrative judge found that the appellant failed to establish either affirmative defense. ID at 12-14.

¶22    As to the harmful error argument, we agree with the administrative judge's finding that the appellant failed to prove this claim because the record demonstrates that it was the appellant's own actions that resulted in the deciding official not reviewing her response to the notice of proposed removal.[6]    ID

_____

[6] The appellant's allegation that the deciding official did not consider her response to the notice of proposed removal also implicates due process concerns as it relates to her meaningful opportunity to respond to the charges against her. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). The Board has held that an employee cannot be said to have had a meaningful opportunity to present her side of the story and to invoke the discretion of the deciding official if the deciding official did not read the employee's written response to the proposal notice before issuing a decision. *Hodges v. U.S. Postal Service*, 118 M.S.P.R. 591, ¶ 6 (2012). Here, however, the deciding official's failure to consider the appellant's reply is directly derived from the appellant's failure to submit it to her and her decision to, instead, submit it to the agency official responsible for considering step 3 grievances. IAF, Tab 14; PFR File, Tab 1 at 3. The appellant's decision to rely on a memorandum to submit her reply to an agency employee other than the one explicitly named in the proposal notice does not negate the agency's effort to provide her with the opportunity to reply. Further, even if due process required the agency to ensure that the appellant's reply was eventually forwarded to the deciding official for consideration, the appellant submitted her reply on the due date, and the removal decision was issued 8 business days later, leaving the

at 13-14; HR (testimony of the appellant). With respect to the appellant's EEO reprisal claim, the administrative judge discussed both the motivating factor standard, citing to *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 41 (2015), *overruled in part on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, and the standard applied by the Board for general reprisal claims, citing to *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986). ID at 12-13. Ultimately, she found that the appellant did not provide evidence that her EEO activity was a motivating factor in the decision to remove her, and that she, therefore, did not show that her removal "was the consequence of illegal retaliation." ID at 13.

¶23    When an appellant alleges reprisal based on EEO activity, the Title VII standard applies, not the *Warren* standard. *Pridgen*, 2022 MSPB 31, ¶¶ 30-32. Although the administrative judge discussed the *Warren* standard in the initial decision, she nonetheless appropriately found that the appellant failed to prove that her EEO activity was a motivating factor in her removal, as required under Title VII. *See Pridgen,* 2022 MSPB 31, ¶¶ 20-22, 30. We discern no basis to disturb this finding.

**ORDER**

¶24    For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with *Semenov*, 2023 MSPB 16, and this Remand Order. On remand, the administrative judge shall first set a deadline for the agency to conduct the penalty redetermination, reissue an agency decision, and notify the administrative judge of that decision.

¶25    After the agency provides the administrative judge with the penalty redetermination, the administrative judge shall then address whether the agency's

---

agency with little time to fulfill such obligation. IAF, Tab 5 at 11, 16. Moreover, the appellant has not proven, or even alleged, that the deciding official knew or should have been aware that the appellant had submitted a reply to another agency employee. Based on the foregoing, we find that the agency met its due process requirement to provide the appellant with a meaningful opportunity to reply.

error in applying the substantial evidence standard of proof to its original action was harmful, *see* 5 U.S.C. § 7701(c)(2)(A); *Semenov*, 2023 MSPB 16, ¶¶ 21-24, and whether its new penalty is supported by substantial evidence, *Connor*, 8 F.4th at 1325-36. In so doing, the administrative judge shall provide the parties with an opportunity to present evidence and argument addressing these issues.[7]

¶26    The administrative judge shall then issue a new initial decision including her findings on whether the agency committed harmful error in applying the substantial evidence standard of proof to its action and, if not, whether the new penalty is supported by substantial evidence. *See* 5 U.S.C. § 7701(a)(1), (b)(1); *Sayers*, 954 F.3d at 1376-77; *Semenov*, 2023 MSPB 16, ¶¶ 24-25. Regardless of whether the appellant proves harmful error in the agency's application of the substantial evidence standard of proof in its decision, if any argument or evidence adduced on remand affects the administrative judge's prior analysis on the appellant's affirmative defenses of EEO reprisal and harmful error for failing to consider her reply to the agency's notice of proposed removal, she should address such argument or evidence in the remand initial decision. *See Semenov*, 2023 MSPB 16, ¶ 25. The remand initial decision should also include additional analysis of the appellant's whistleblower reprisal affirmative defense, as set forth

---

[7] The administrative judge shall hold a hearing limited to the issues on remand if one is requested by the appellant. 5 U.S.C. § 7701(a)(1), (b)(1); *see Semenov*, 2022 MSPB 16, ¶ 24 (instructing an administrative judge to hold a supplemental hearing addressing whether the agency's use of the substantial evidence standard in a 38 U.S.C. § 714 removal decision constituted harmful error).

above. When issuing a new initial decision on these matters, the administrative judge may incorporate the findings and conclusions of the prior initial decision, consistent with this Remand Order, into that new initial decision.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.