# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SANDRA BARROWCLOUGH,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-0714-21-0061-I-1

DATE: December 23, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Sandra Barrowclough</u>, Seminole, Florida, pro se.

<u>Luis E. Ortiz-Cruz</u>, Esquire, Orlando, Florida, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her 38 U.S.C. § 714 removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On July 18, 2019, the agency proposed to remove the appellant from her position as a GS-5 Nursing Assistant under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862 (codified at 38 U.S.C. § 714) based on the charge of inability to perform the essential functions of her position. Initial Appeal File (IAF), Tab 1 at 4-6. Thereafter, on August 9, 2019, the agency provided the appellant with a letter informing her that "a decision ha[d] been made to remove [her] from employment," but that the removal would be held in abeyance for 90 days in order to conduct a search for a possible reassignment. IAF, Tab 5 at 37. On November 12, 2019, the agency provided the appellant with another letter informing her that it had been unable to locate a suitable position for her and that she would be removed effective November 15, 2019. *Id.* at 17, 41.

On November 3, 2020, the appellant appealed her removal to the Board; however, she did not request a hearing on the matter. IAF, Tab 1 at 2. Following the appellant's Board appeal, the agency argued that the Board lacked jurisdiction over the matter because the appellant had made an "irrevocable" election to challenge her removal with the Equal Employment Opportunity Commission (EEOC), where the matter was "still pending final resolution." IAF, Tab 5 at 6-8. Specifically, the agency indicated that the appellant had appealed the final agency decision (FAD) regarding her EEO complaint to the EEOC's Office of Federal Operations (OFO) on November 2, 2020, one day prior to filing her Board appeal, but did not provide a copy of the FAD. *Id.* at 6-7. The administrative judge issued an order to show cause, instructing the appellant to file evidence and argument regarding the Board's jurisdiction over her appeal, and the appellant

responded that the Office of Resolution Management, Diversity & Inclusion (ORMDI) had informed her that a portion of her complaint would be appealable to the Board, and her union representative had informed her to proceed first to the EEOC and then to the Board. IAF, Tab 6 at 1-2, Tab 7 at 4. Based on the written record, the administrative judge then issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant's election to proceed "in the [ORMDI]/OFO forum" divested the Board of jurisdiction over the matter. IAF, Tab 8, Initial Decision (ID) at 1, 3.

The appellant has filed a petition for review, arguing that she received a "final decision" that informed her that she had Board appeal rights. Petition for Review (PFR) File, Tab 4 at 6. The agency has filed a response, and the appellant has filed a reply, submitting a portion of the appeal rights that were provided to her by the agency. PFR File, Tab 6, Tab 7 at 4. Thereafter, the Clerk of the Board issued an order requiring the agency to submit a copy of the FAD pertaining to the appellant's EEO complaint. PFR File, Tab 8 at 1-2. The agency thereafter submitted a copy of its October 9, 2020 FAD, which concluded that the appellant failed to prove her claims of discrimination, and provided her with her notice of appeal rights, including appealing her claim of discriminatory removal to the Board.[2] PFR File, Tab 9 at 4-18.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board has jurisdiction over the appellant's timely filed removal appeal.</u>

Pursuant to 38 U.S.C. § 714(c)(4), an appellant must appeal a removal action to the Board "not later than 10 business days after the date of" the agency's action. There are, however, different procedures and filing deadlines for mixed cases, i.e., cases involving an action that is appealable to the Board that the appellant alleges was effected, in whole or in part, because of discrimination.

---

[2] Contrary to the agency's previous assertions, the FAD indicated that the appellant's formal EEO complaint was filed on March 11, 2020, not March 26, 2020. *Compare id.* at 4, *with* IAF, Tab 5 at 6, 15.

*Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014) (defining mixed cases). An appellant has two options when filing a mixed case: she may initially file a mixed-case complaint with the agency, followed by an appeal to the Board, or she may file a mixed-case appeal with the Board and raise her discrimination claim in connection with her appeal. *Id.*; 29 C.F.R. § 1614.302(b), (d). An employee may file either a mixed-case complaint or a mixed-case appeal, but not both, and whichever is filed first is deemed to be the employee's election to proceed in that forum. *Miranne*, 121 M.S.P.R. 235, ¶ 8; 29 C.F.R. § 1614.302(b).

Here, the appellant initially elected to file a mixed-case complaint with the agency challenging her removal.[3] The Board has held that, when an agency action is taken pursuant to 38 U.S.C. § 714, and the appellant files a mixed-case Board appeal after filing a formal discrimination complaint with the agency, the appeal is governed by the procedures set forth in 5 U.S.C. § 7702 and the Board's implementing regulations. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 25. Therefore, the appellant was entitled to file a Board appeal within 30 days of the agency's October 9, 2020 FAD. PFR File, Tab 9 at 15; *see Miranne*, 121 M.S.P.R. 235, ¶ 9; 5 C.F.R. § 1201.154(b)(1); 29 C.F.R. § 1614.302(d)(1)(ii). The record reflects that she did so. PFR File, Tab 9 at 16; IAF, Tab 1. The fact that the appellant first appealed the non-mixed portion of her complaint to the EEOC did not divest the Board of jurisdiction over the mixed-case portion; indeed, as properly set forth in the FAD, the appellant's claims pertaining to her removal were not appealable to the EEOC. PFR File, Tab 9 at 15; *see* 29 C.F.R. § 1614.302(d)(3). Accordingly, we find that the appellant timely filed her 38 U.S.C. § 714 removal appeal over which the Board has jurisdiction.

---

[3] Although the record is not developed on the issue, the agency has not disputed that the appellant timely filed her EEO complaint. IAF, Tab 5 at 40.

On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in sustaining the removal based on substantial evidence harmed the appellant.

Remand of this appeal is also required for a different reason. The deciding official here sustained the agency's action because he found that there was substantial evidence to support the charge levied against the appellant. IAF, Tab 5 at 37. After the initial decision in this appeal was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) found in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), that the agency had erred by applying the substantial evidence standard to its internal review of a disciplinary action under 38 U.S.C. § 714. The Federal Circuit found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that the agency's deciding official must apply the preponderance of evidence standard in determining whether the appellant's performance or misconduct warrants the action at issue. *Id.* at 1298-1301; *see Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1347 (Fed. Cir. 2022) (agreeing with the appellant's contention that the agency's decision was legally flawed when the deciding official found the charge proved merely by substantial evidence rather than preponderant evidence, as required by *Rodriguez*).

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties here did not have the benefit of *Rodriguez* prior to the close of record. We therefore instruct the administrative judge to consider, on remand, whether the agency's application of the substantial evidence standard was harmful error. *See id.*, ¶ 23 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714).

<u>On remand, the administrative judge should review the reasonableness of the penalty imposed by the agency.</u>

In *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), which was also issued subsequent to the initial decision, the Federal Circuit determined that the Board must consider and apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under an action taken pursuant to 38 U.S.C. § 714. However, the *Douglas* factors are not relevant to the penalty analysis when, as here, it is a removal for inability to perform due to the nondisciplinary nature of the action. *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 18 (2014), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36. Nevertheless, the Federal Circuit has been clear that the Board must review the agency's penalty and determine whether it is within the bounds of reasonableness. *See Harrington v. Department of Veterans Affairs*, 981 F.3d 1356, 1358 (Fed. Cir. 2020) ("Our opinion in *Sayers* controls and mandates that review of the penalty must be included in the Board's review of [an] adverse action."); *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375 (Fed. Cir. 2020).

The Board has held that new precedential Federal Circuit decisions apply to all pending cases, regardless of when the events at issue took place. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Therefore, on remand, the administrative judge shall still consider the reasonableness of the agency's chosen penalty, and, if he finds that "the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor*, 8 F.4th at 1326-27.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. As outlined above, the administrative judge shall adjudicate the merits of the appeal. The

administrative judge shall also address whether the agency's error in applying the substantial evidence burden of proof to its action was harmful. If the administrative judge determines that the agency's error in applying the incorrect burden of proof was not harmful, then he shall determine whether the agency proved by substantial evidence that the penalty was reasonable.[4] The administrative judge should also adjudicate the appellant's claims of discrimination or retaliation in line with the framework set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[4] If the administrative judge finds that the agency committed harmful error such that the disciplinary action is not sustained, he need not address the penalty issue.