# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

BRANDY S. BALDWIN,
          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
DA-0714-20-0041-I-1

DATE: June 17, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Don Edge</u>, San Antonio, Texas, for the appellant.

<u>Robert Burlison, III</u>, Esquire, Washington, D.C., for the agency

<u>Brian Danilowicz</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal under 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant was a GS-7 Lead Medical Support Assistant for the agency. Initial Appeal File (IAF), Tab 1 at 7. Effective November 1, 2019, the agency removed her based on three charges: (1) failure to follow supervisory instructions (four specifications); (2) inappropriate conduct (two specifications); and (3) absence without leave (AWOL) (four specifications).[2] IAF, Tab 7 at 9-12.

¶3 The appellant filed a Board appeal, challenging the merits of the agency's action and raising affirmative defenses of race discrimination, retaliation for equal employment opportunity (EEO) activity, and harmful procedural error or denial of due process. IAF, Tab 1 at 4, Tab 15 at 2-3. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 17, Initial Decision (ID). Therein, she sustained three of the four specifications of failure to follow supervisory instructions charge (and thus the charge) and both specifications of the inappropriate conduct charge, but she did not sustain the AWOL charge. ID at 3-14. Nevertheless, the administrative judge found that the removal penalty was not grossly disproportionate to the proven misconduct, and that the appellant failed to prove any of her affirmative defenses. ID at 15-20.

¶4 The appellant has filed a petition for review, challenging the administrative judge's findings on the sustained specifications and affirmative defenses, and contesting some of her procedural rulings. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

---

[2] The October 15, 2019 notice of proposed removal included seven specifications to the failure to follow supervisory instructions charge; the deciding official sustained four of the seven specifications. IAF, Tab 7 at 9-10, 32-35.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5      In an appeal of an adverse action taken under 38 U.S.C. § 714(a), the agency bears the burden of proving its charges by substantial evidence. 38 U.S.C. § 714(d)(2)(a). If the agency meets this standard, the Board may not mitigate the agency's chosen penalty, but it is nevertheless required to review the penalty as part of the agency's overall decision. 38 U.S.C. § 714(d)(2)(B), (3)(C). Further, the agency's decision may not be sustained if the appellant shows that the decision was based on a prohibited personnel practice described in 5 U.S.C. § 2302(b), was the product of harmful procedural error, or was taken in violation of her right to due process. 5 U.S.C. § 7701(c)(2)(A)-(B); *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680-81 (1991); 5 C.F.R. § 1201.56(b)(2)(i)(C). As explained below, although we discern no error in the administrative judge's decision to sustain the failure to follow supervisory instructions and inappropriate conduct charges and to deny the appellant's affirmative defenses, we nonetheless must remand this appeal, consistent with *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16.

<u>We discern no error in the administrative judge's decision to sustain the failure to follow supervisory instructions and inappropriate conduct charges.</u>

*Failure to follow supervisory instructions*

¶6      In the initial decision, the administrative judge sustained three of the four specifications (specifications 1, 5, and 6). ID at 3-8. On review, the appellant challenges each sustained specification. PFR File, Tab 1 at 5. As explained below, the appellant's arguments do not persuade us to disturb the administrative judge's findings.

¶7      Under Specification 1 of the failure to follow supervisor instructions charge, the agency alleged as follows: "On August 05, 2019, your supervisor . . . asked you to come into her office for a discussion, and you refused. When she asked if you were refusing orders, you responded I think so. You failed to follow

your supervisor's instruction." IAF, Tab 7 at 9. The administrative judge sustained this charge, finding that, although the appellant eventually reported to her supervisor's office, the appellant admitted that she failed to do so promptly, as directed. ID at 3-5.

¶8    On petition for review, the appellant emphasizes that she reported to her supervisor's office after consulting with her union representative. PFR File, Tab 1 at 5. She also argues that the administrative judge improperly credited her supervisor's testimony over hers. *Id*. As an initial matter, we find that the administrative judge sustained this specification based on undisputed facts, so witness credibility was immaterial. *See Hawkins v. Smithsonian Institution*, 73 M.S.P.R. 397, 406 (1997). Furthermore, although the appellant eventually reported to her supervisor's office as instructed, we agree with the administrative judge that her initial failure to do so is sufficient to sustain this specification. ID at 4.

¶9    Under Specification 5 of this charge, the agency alleged as follows:

> On June 24, 2019, you were instructed by your supervisor . . . that you would be temporarily assigned to Community Care Clinics, and you stated, "I don't agree". When [your supervisor] asked to clarify that you were refusing her order, you replied "Yes I'm refusing". You did not follow your supervisor's instruction.

IAF, Tab 7 at 9-10. The administrative judge sustained this specification, crediting the supervisor's testimony that the appellant did not do the Community Care work over the appellant's testimony that she did do the work. ID at 5-6.

¶10    On review, the appellant argues that the evidence on this specification was limited to her supervisor's word against hers and, apart from her supervisor's disputed testimony, there was not substantial evidence to support the specification. PFR File, Tab 1 at 5. However, substantial evidence is a lower level of proof than preponderant evidence, *Dela Casa v. Office of Personnel Management*, 60 M.S.P.R. 287, 290, *review dismissed*, No. 94-3205, 1994 WL 745160 (Fed. Cir. 1994); *see* 5 C.F.R. § 1201.4(p)-(q), and moreover, in the face

of conflicting testimony, an administrative judge is authorized to make credibility determinations as to which version of events to believe, *see Richard v. Department of Defense*, 66 M.S.P.R. 146, 159 (1995), *modified on other grounds by Buckler v. Federal Retirement Thrift Investment Board*, 73 M.S.P.R. 476, 497 (1997). The administrative judge made a reasoned and explained credibility determination with respect to this specification, based partly on witness demeanor, and we find that the appellant has not provided a sufficiently sound reason for the Board to depart from the administrative judge's finding. ID at 5-6; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

¶11    Under Specification 6, the agency alleged that, "[o]n June 19 and 20, 2019, you were instructed by your acting supervisor . . . to input [overtime] forms in [the agency's Time and Attendance System]. You failed to input the [overtime] into the system as instructed. Therefore, you failed to follow your supervisor's instruction." IAF, Tab 7 at 10. The administrative judge sustained this specification, finding it undisputed that the appellant never entered the forms as instructed, and that another employee eventually entered them instead. ID at 7.

¶12    On petition for review, the appellant argues that the forms were entered by a backup timekeeper within 24 hours as required, and that the only reason she did not do so herself was that she was incapacitated, having taken sick leave the morning after she was assigned the task at issue. PFR File, Tab 1 at 5. The appellant again argues that the administrative judge improperly credited her supervisors' testimony over hers. *Id*. We have considered the appellant's arguments, but we do not find that they warrant reversal of the specification. Witness credibility was not at issue because the appellant admitted to not entering

the time forms. ID at 7. Furthermore, as the administrative judge correctly found, intent is not an element of a charge of failure to follow instructions. *Id.*; *Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 556 (1996). It appears that the appellant may have initially intended to enter the overtime forms as instructed when illness intervened, and she was forced to take sick leave before completing the task. *Id.* However, the appellant's failure to follow a valid supervisory instruction, for whatever reason, was sufficient to support the specification. *See Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014). Any inadvertency in the appellant's failure to enter the overtime forms goes to the issue of penalty, as does the fact that the forms were timely entered by another individual. *See Hamilton*, 71 M.S.P.R. at 556.

¶13 Based on the foregoing, we discern no basis to disturb the administrative judge's decision to sustain the failure to follow supervisory instructions charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (explaining that proof of one or more, but not all, specifications supporting a charge is sufficient to sustain the charge).

*Inappropriate conduct*

¶14 In the initial decision, the administrative judge sustained both specifications of the inappropriate conduct charge. ID at 9-12. The appellant challenges these findings on review. PFR File, Tab 1 at 5-6. Under Specification 1, the agency alleged that, "[o]n June 18, 2019, during a phone conversation with your supervisor . . . you raised your voice to her twice, and also hung up the phone on her. This was inappropriate conduct towards your supervisor." IAF, Tab 7 at 10. In sustaining this specification, the administrative judge credited the supervisor's account of these events. ID at 9-10.

¶15 On petition for review, the appellant argues that her supervisor also raised her voice during the same conversation but that the agency did not discipline her supervisor. PFR File, Tab 1 at 5. She also disputes the administrative judge's

decision to credit the supervisor's testimony. *Id*. We agree with the administrative judge, however, that the appellant's supervisor's possible inappropriate behavior does not excuse the appellant's actions, which were also inappropriate as charged. ID at 10. Nor has the appellant provided us a sufficiently sound reason to overturn the administrative judge's reasoned and explained credibility determinations. ID at 9-10; *see Haebe*, 288 F.3d at 1301. To the extent that the appellant may have been provoked by her supervisor or believes she was treated disparately from her supervisor, this would go to the issue of penalty. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

¶16    Under Specification 2, the agency alleged that, "[o]n August 29, 2019, two . . . employees . . . overheard you speaking to [a coworker], where you stated, I don't give a f--- what they say or what she thinks, or words to that effect. This type of language is unacceptable and is inappropriate conduct." IAF, Tab 7 at 10. The administrative judge sustained this specification, crediting the testimony of various individuals that the appellant committed the misconduct described over the appellant's denial of the same. ID at 10-12.

¶17    On review, the appellant again questions the administrative judge's credibility determinations, but we find that these credibility determinations as set forth in the initial decision were reasonable, and we decline to disturb them. PFR File, Tab 1 at 5-6; ID at 11; *see Haebe*, 288 F.3d at 1301. The appellant also asserts that the agency did not discipline the coworkers with whom she was having the conversation at issue. PFR File, Tab 1at 6. However, there is no allegation that the appellant's coworkers were using inappropriate language. The appellant's arguments on review do not provide a basis to disturb the administrative judge's findings or her ultimate decision to sustain the specification.

¶18    Based on the foregoing, we discern no error in the administrative judge's decision to sustain the failure to follow supervisory instructions and inappropriate conduct charges.

We discern no error in the administrative judge's rulings on the appellant's affirmative defenses.

*Discrimination/reprisal*

¶19    As noted, the appellant raised affirmative defenses of discrimination based on race, reprisal for EEO activity, harmful error, and a due process violation. IAF, Tab 15 at 2-3. Regarding the race discrimination and EEO reprisal claims, in the initial decision, the administrative judge appropriately stated that the appellant must show that the prohibited consideration was a motivating factor in agency action. ID at 16; *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30. She concluded that the appellant failed to meet that burden. ID at 16-17. On petition for review, the appellant broadly reasserts that the agency retaliated against her for EEO activity.[3] PFR File, Tab 1 at 5-6. However, her general statements in this regard constitute mere disagreement with the administrative judge's reasoned and explained findings, and they, therefore, provide no basis to disturb the initial decision. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (finding that mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board), *review denied,* 669 F.2d 613 (9th Cir.

---

[3] The appellant also asserts that the agency retaliated against her for union activity. PFR File, Tab 1 at 4. This was not an issue that the administrative judge identified for adjudication in her prehearing conference summary, and the appellant did not object to the exclusion of this issue despite her opportunity to do so. IAF, Tab 15 at 2-3, 8. We therefore decline to consider this claim for the first time on petition for review. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 18 (setting forth a nonexhaustive list of factors for the Board to consider when determining whether an appellant will be deemed to have waived or abandoned an affirmative defense); *see also Bratton v. Department of the Air Force*, 66 M.S.P.R. 180, 181 (1995) (finding that an administrative judge did not err by not deciding a reprisal issue when it was not mentioned in the prehearing conference summary and the appellant did not object to it not being mentioned despite the opportunity to do so).

1982) (per curiam). The appellant does not contest the administrative judge's findings regarding her race discrimination claim. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review."). We find that the administrative judge's analyses of the appellant's discrimination and retaliation affirmative defenses are sound on their face, and we discern no basis to disturb her findings.[4]

*Due process violation/harmful error*

¶20   The appellant argued that the agency denied her due process or committed harmful procedural error by denying her access to union representation during the removal process. ID at 18. When a tenured Government employee faces removal from her position, minimum due process of law entails prior notice of and an opportunity to respond to the reasons for the removal. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). The Board has found that there is a due process right to representation during such administrative proceedings. *Ashford v. Department of Justice*, 6 M.S.P.R. 458, 464 (1981). The separate but related concept of harmful procedural error requires a showing both that the agency committed procedural error in arriving at its decision and that the error was harmful. *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980).

¶21   In the initial decision, the administrative judge found that the appellant's union had been decertified as the exclusive bargaining unit representative during the relevant time period, but that the appellant still could have requested union representation, although she did not do so. ID at 18-19; PFR File, Tab 1 at 7. She also found that the agency specifically notified the appellant in its notice of

---

[4] Because we discern no basis to disturb the administrative judge's finding that the appellant failed to meet her initial burden to prove that discrimination based on race or retaliation for EEO activity were motivating factors in the agency's action, we need not address "but for" causation. *See Wilson v. Small Business Administration*, 2024 MSPB 3, ¶¶ 11-19; *see also Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30.

proposed removal that she had the right to be represented during her reply. ID at 19; IAF, Tab 7 at 34.

¶22    On review, the appellant argues that a September 11, 2019 memorandum from the agency informing employees in her work unit that the union was currently unable to provide certification for exclusive representation contradicted the language in the notice of proposed removal that she had the right to representation. PFR File, Tab 1 at 5, 7; IAF, Tab 7 at 34. However, we see nothing contradictory about these two documents, both of which were accurate. The agency is not at fault for the appellant's mistaken belief that the union's loss of exclusive representational status meant that a union official could not represent her during the administrative proceedings. Nor did the agency prevent the appellant from obtaining non-union representation as the notice of proposed removal clearly stated she was permitted to do. IAF, Tab 7 at 34. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not establish harmful procedural error or a violation of due process in this regard. ID at 18-20.

¶23    The appellant also argues that the agency denied her due process by "stacking up" charges against her and not giving her any warning or counseling before proposing her removal. PFR File, Tab 1 at 4. As an initial matter, we find that the appellant is raising this issue for the first time on petition for review without showing that it is based on previously unavailable evidence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Furthermore, we find that these matters, which occurred prior to the notice and response period, do not implicate the appellant's due process rights. Nor has the appellant identified any sort of rule that would have required the agency to take the course of action she suggests.

Based on the foregoing, we discern no basis to disturb the administrative judge's findings regarding the appellant's due process and harmful error claims.

We discern no abuse of discretion in the administrative judge's handling of the proceedings.

¶24 Under 5 C.F.R. § 1201.41(b), an administrative judge has broad authority to govern the proceedings before her, including the authority to rule on witnesses, conduct prehearing conferences, and receive relevant evidence. The Board will review an administrative judge's rulings on such matters under an abuse of discretion standard. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014); 5 C.F.R. § 1201.115(c). An abuse of discretion occurs when a procedural decision impairs a party's right to a fair and impartial adjudication. *Law v. Department of the Treasury*, 5 M.S.P.R. 141, 144 (1981).

¶25 In this case, the appellant argues that the administrative judge denied several of her proffered witnesses on the basis that their testimony would have been duplicative but that she allowed duplicative testimony from agency witnesses. PFR File, Tab 1 at 4. As an initial matter, we find that the avoidance of repetitious testimony is a sound and well-established basis for an administrative judge to disallow a proffered witness. *Roth v. U.S. Postal Service*, 54 M.S.P.R. 290, 295 (1992); 5 C.F.R. § 1201.41(b)(10). Furthermore, even assuming that the administrative judge allowed repetitious testimony from agency witnesses, there is no reason to suppose this might have put the agency at any sort of advantage. Although repetitious testimony concerning disputed facts may help an administrative judge decide which version of events to believe, *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing consistency of evidence as a factor to consider in evaluating witness credibility), repetitious testimony concerning undisputed facts is generally redundant and serves only to lengthen the hearing. After reviewing the expected testimony of the denied witnesses as summarized by the appellant on review, we find that none of this testimony concerned material facts in dispute and that the administrative judge

did not abuse her discretion in denying these witnesses. PFR File, Tab 1 at 4; IAF, Tab 15 at 6.

¶26 The appellant also raises a challenge concerning a piece of documentary evidence. Several agency officials used a standard agency "Report of Contact" form to document incidents with the appellant, and the agency submitted these Reports of Contact for the record. IAF, Tab 7 at 38-39, 42, 45, 52-53, 58-60. One Report of Contact bears an illegible signature, and, during the prehearing conference, the administrative judge denied the appellant's request for testimony from the unidentified signatory. IAF, Tab 7 at 39, Tab 14 at 4, Tab 15 at 6. On petition for review, the appellant contests the administrative judge's ruling and also appears to raise an issue of authentication. PFR File, Tab 1 at 4. However, we decline to consider the propriety of the administrative judge's ruling or the admissibility of the document because we find that it is not material to the outcome of the appeal. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (holding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶27 Specifically, this Report of Contact concerns Charge 1, Specification 2, which the deciding official did not sustain and was not a basis for the appellant's removal in the first place. IAF, Tab 7 at 32, 39. The administrative judge did not rely on the Report of Contact in reaching her decision, and the appellant has not explained how this piece of evidence otherwise fits into her theory of the case.

¶28 The appellant further argues that the administrative judge improperly prevented her from speaking during the prehearing conference, insisting that her representative be the only one to speak. PFR File, Tab 1 at 4. She asserts that this prevented her from conferring with her representative even though the administrative judge allowed her to speak during previous telephonic conferences. *Id*. However, we find that the administrative judge acted within her discretion to conduct an orderly prehearing conference, and in any event, the appellant has not

explained what she intended to say during the prehearing conference or how this might have been material to the outcome of the appeal. *See Karapinka*, 6 M.S.P.R. at 127.

¶29     Based on the foregoing, we find that the appellant failed to show that the administrative judge abused her discretion in handling the proceedings below.

## We remand this appeal in accordance with *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16.

¶30     Although we ultimately agree with the administrative judge's decision to sustain the failure to follow supervisory instructions and inappropriate conduct charges and to deny the appellant's affirmative defenses, remand is still necessary. In the decision notice removing the appellant, the deciding official applied the substantial evidence standard to his review of the removal action. IAF, Tab 7 at 9. After the issuance of the initial decision in this matter, the U.S. Court of Appeals for the Federal Circuit decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021). In *Rodriguez*, 8 F.4th at 1296-1301, the court found that the agency had erred by applying the substantial evidence standard of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. The court found that substantial evidence is the standard of proof to be applied by the Board, not the agency, and that the agency's deciding official must apply the preponderance of the evidence standard to "determine" whether the appellant's "performance or misconduct . . . warrants" the action at issue. *See Semenov*, 2023 MSPB 16, ¶ 21 (quoting *Rodriguez*, 8 F.4th at 1298-1301 (quoting 38 U.S.C. § 714(a)(1))); *see also Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1347 (Fed. Cir. 2022) (agreeing with a petitioner that the agency's decision was "legally flawed" when the deciding official found the charge proved merely by substantial evidence rather than preponderant evidence, as required under *Rodriguez*).

¶31     The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov*, 2023 MSPB 16, ¶ 22.

The administrative judge and the parties did not have the benefit of *Rodriguez* or the Board's application of it in *Semenov*; therefore, we are unable to address its impact on this appeal. Accordingly, following the return of the appeal to the administrative judge after the agency issues its penalty redetermination, as addressed in greater detail below, the administrative judge shall adjudicate whether the agency's application of the substantial evidence standard of proof was harmful error. *See id.*, ¶¶ 22-24 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714).

¶32 We must also remand this appeal on the issue of the penalty. As noted above, the administrative judge correctly acknowledged that she was unable to mitigate the penalty pursuant to 38 U.S.C. § 714(d)(2)(B). ID at 20. She concluded, without discussion, that the removal penalty was "not grossly disproportionate to the proven misconduct." *Id*. The appellant did not challenge the administrative judge's handling of the penalty on review. PFR File, Tab 1. However, following the issuance of the initial decision, the Federal Circuit issued *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020), wherein it clarified that 38 U.S.C. § 714 requires the Board "to review for substantial evidence the entirety of the [agency's] removal decision—including the penalty." *Sayers*, 990 F.3d at 1379; *see Semenov*, 2023 MSPB 16, ¶ 45. After it issued *Sayers*, the Federal Circuit explained in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), that the agency and the Board must still apply the *Douglas* factors[5] to the selection and review of penalties in disciplinary actions taken under 38 U.S.C. § 714. *See Semenov*, 2023 MSPB 16, ¶ 49.

¶33 Here, the administrative judge made no finding regarding whether the penalty of removal was supported by substantial evidence. Additionally, the

---

[5] In *Douglas*, 5 M.S.P.R. at 305-06, the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

deciding official stated in the decision notice only that removal was warranted due to the appellant's "egregious behavior" and the fact that she held a position of trust. IAF, Tab 7 at 10. We find that this discussion does not sufficiently establish that the deciding official considered the *Douglas* factors. *See Holmes v. U.S. Postal Service*, 987 F.3d 1042, 1047 (Fed. Cir. 2021) (explaining that the Board is required to determine whether the agency has responsibly balanced the factors delineated in *Douglas*). Additionally, given the lack of evidence in the record regarding the issue of penalty and the administrative judge's decision not to sustain all of the charges, we are unable to determine whether the penalty of removal is supported by substantial evidence. Accordingly, we must remand the appeal for a reconsideration or redetermination of the penalty. *See Connor*, 8 F.4th at 1326-27 (stating that, if the Board determines that the agency failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the agency for a redetermination of the penalty); *see also Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that, if the Board concludes that the agency's removal decision is unsupported by substantial evidence, it should remand to the agency for further proceedings); *Semenov*, 2023 MSPB 16, ¶ 49.

**ORDER**

¶34      For the reasons discussed above, we remand this case to Dallas Regional Office for further adjudication in accordance with *Semenov*, 2023 MSPB 16, and this Remand Order. On remand, the administrative judge shall first set a deadline for the agency to conduct the penalty redetermination, reissue an agency decision, and notify the administrative judge of that decision.

¶35      After the agency provides the administrative judge with the penalty redetermination, the administrative judge shall then address whether the agency's error in applying the substantial evidence standard of proof to its original action was harmful, *see* 5 U.S.C. § 7701(c)(2)(A); *Semenov*, 2023 MSPB 16, ¶¶ 21-24,

and whether its new penalty is supported by substantial evidence, *see Connor*, 8 F.4th at 1325-26. In so doing, she shall provide the parties with an opportunity to present evidence and argument addressing these issues.[6]

¶36 The administrative judge shall then issue a new initial decision including her findings on whether the agency committed harmful error in applying the substantial evidence standard of proof to its action, and if not, whether the penalty is supported by substantial evidence. *See* 5 U.S.C. § 7701(a)(1), (b)(1); *Semenov*, 2023 MSPB 16, ¶¶ 24-25. Regardless of whether the appellant proves harmful error in the agency's application of the substantial evidence standard of proof in its initial decision, if any argument or evidence adduced on remand affects the administrative judge's prior analysis on the appellant's affirmative defenses, she should address such argument or evidence in the remand decision. *See Semenov*, 2023 MSPB 16, ¶ 25. When issuing a new initial decision on these matters, the administrative judge may incorporate the findings and conclusions of the prior initial decision, consistent with this Remand Order, into the new initial decision.

FOR THE BOARD: 
*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[6] The administrative judge shall hold a hearing limited to the issues on remand if one is requested by the appellant. *See* 5 U.S.C. § 7701(a)(1), (b)(1); *see also Semenov*, 2022 MSPB 16, ¶ 24 (instructing the administrative judge to hold a supplemental hearing addressing whether the agency's use of the substantial evidence standard in a 38 U.S.C. § 714 removal decision constituted harmful error).